---

EARLY v. WHITNEY et al.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

COSTS—JUDGMENTS—SATISFACTION BY CLIENT.

Costs belong to the client, and not to the attorney, and the client may satisfy a judgment awarding him costs.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, § 295.]

Appeal from Special Term, New York County.

Action by Cornelius J. Early against Catherine Whitney, as executrix of David L. Whitney, deceased, and another. From an order vacating satisfaction pieces of judgments for costs, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

C. J. Early, in pro. per.

M. H. Beall, for respondents.

PATTERSON, J. This is an appeal from an order vacating three satisfaction pieces of judgments for costs in favor of the defendant Catherine Whitney. It appears that the plaintiff brought this action to foreclose what he calls an attorney's lien for services rendered by him as attorney for one Bridget L. Keegan in an action brought by her, as administratrix, etc., for damages resulting from the death of her husband, against Catherine Whitney, executrix, etc. That action was originally brought against David L. Whitney, who died before the trial. Mr. Early procured an order reviving the action against Catherine Whitney, as executrix. Thereafter Bridget Keegan, as administratrix, etc., of her husband, settled the action with Catherine Whitney, executrix, etc., without the knowledge or consent of Early, through Francis V. S. Oliver, who was the attorney for Catherine Whitney. When Early discovered that the settlement had been made, he brought this action to foreclose his lien, and in his complaint set forth that the settlement had been made. The plaintiff's action was dismissed, and the dismissal was affirmed in this court and in the Court of Appeals. 73 N. E. 1123. Judgments for costs were rendered in favor of Catherine Whitney, and she satisfied them. Thereupon Mr. Oliver, her attorney, moved to vacate and set aside the satisfaction pieces, and for an order directing that the amounts due under the judgments for costs be made payable to him, or for such other relief as

to the court may seem just. The court granted the motion, but we· think erroneously. The judgments for costs were in favor of Mrs. Whitney. These costs belonged to her. They were indemnity to· her. for the expense she was put to in the action. Costs belong to the client, and not to the attorney. Starin v. Mayor, 106 N. Y. 82, 12 N. E. 643; McIlvaine v. Steinson, 90 App. Div. 77, 85 N. Y. Supp. 889; Barry v. Third Ave. R. Co., 87 App. Div. 543, 84 N. Y.. Supp. 830. There is no question here of an agreement between an attorney and client. The simple point is to whom do the costs be-- long? They belonged to Mrs. Whitney, and she had a right to sat- isfy the judgments awarding them. The subject for consideration is not the lien of an attorney, but the right of the owner of a judg- ment to satisfy it.

The order appealed from was wrong, and should be reversed, with $10 costs and disbursements, and the motion denied, with $10· costs. All concur.

---

## SCHWAB MFG. CO. v. AIZENMAN.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

1. CHATTEL MORTGAGES—FILING—FAILURE TO REFILE—EFFECT AS AGAINST· SUBSEQUENT MORTGAGE.

Under Lien Law (Laws 1897, pp. 537, 538, c. 418), §§ 92, 95, requiring· chattel mortgages to be filed in the town where the mortgagor resides, and declaring such mortgages invalid, as against creditors and subsequent pur- chasers or mortgagees in good faith, after the expiration of a year from the time of filing, unless refiled, the failure to refile a chattel mortgage· does not render the same invalid as against, nor subordinate to, a subse- quent mortgage executed after the first mortgage has been once filed, .and while such filing is in force.

2. SAME—RIGHTS OF CREDITORS—NECESSITY OF OBTAINING LIEN.

3. SAME—JUNIOR MORTGAGES—RIGHTS OF HOLDER—SEIZURE OF PROPERTY.

The assignee of a junior chattel mortgage may seize and sell the property for the debt represented thereby, subject to the interest of the senior mortgage, and free from interference by any one not having a prior claim.

4. SAME—MORTGAGEE IN POSSESSION—INTERFERENCE WITH RIGHTS—CONVER- SION.

A senior mortgagee of a chattel, who has assigned his mortgage and re- tains no interest therein, has no right, as against the holder of a junior· mortgage, who has reduced the mortgaged property to his possession, to· seize the property, and is guilty of conversion if he does so.

Appeal from Trial Term, New York County.