## CACCIA v. ISECKE.

(Supreme Court, Appellate Division, Second Department. January 24, 1908.)

1. ATTORNEY AND CLIENT—COMPENSATION AND LIEN OF ATTORNEY—COSTS.

> The costs in a judgment belong to the client, and not to the attorney, in the absence of an agreement to the contrary.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 295.]

2. SAME.

> Where, in an action to recover costs collected by defendant as plaintiff's attorney, defendant testified that under an agreement with plaintiff he was to have one-half of the damages recovered and all of the taxed costs for his compensation, testimony as to the value of defendant's services was competent, for the purpose of showing whether or not the agreement with plaintiff was fair and conscionable.

**3. TRIAL—OBJECTIONS—REPETITION.**

An objection to evidence, coming under the same ruling as previously admitted evidence objected to by the party, is neither orderly or proper.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 192.]

**4. ATTORNEY AND CLIENT—COMPENSATION OF ATTORNEY.**

In the absence of an agreement fixing the attorney's compensation, or of any evidence and finding of the value of his services as upon quantum meruit, the amount of the costs as taxed and paid may be taken as the measure of his compensation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 294.]

Hooker, J., dissenting.

Appeal from Municipal Court of City of New York.

Action by Sarah A. Caccia against Bernard J. Isecke. Judgment for plaintiff, and defendant appeals. Reversed, unless plaintiff stipulate within 10 days to reduce the damages to $246.87, with interest from June 1, 1905, in which case the judgment to be affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

Andrew F. Van Thun, Jr., for appellant.

Peter P. Smith, for respondent.

GAYNOR, J. This plaintiff brought an action on a life insurance policy, and this defendant was her attorney therein. On the first trial the case was dismissed. On appeal by the plaintiff the judgment was reversed, on the next trial the plaintiff recovered, on appeal by the defendant that judgment was reversed, and on the next trial the plaintiff again recovered and entered judgment for the amount of the verdict, $493.74, plus taxed costs, $448.68, and taxed disbursements, $105.94, total $1,048.36. The defendant again appealed, but before argument of the appeal paid to the attorney (this defendant) $1,128.36 in full. This included the amount of the said judgment appealed from, and the plaintiff's costs of the appeal, $80. The settlement was made and the money paid to this defendant on May 5, 1905. Over a year later, viz., on May 28, 1906, he sent to the plaintiff his check for $254.25 (i. e., half of the said verdict, $246.87, plus bank interest on it meanwhile, $7.38), and kept the other half, and all of the said costs, $528.68 (i. e., $448.68 included in the judgment and $80 on appeal), and also the said disbursements, for himself. In brief, he kept $881.49 and gave the plaintiff $246.87.

Of the amount he kept, the sum of $105.94 was the amount of the said taxed disbursements, which he was entitled to retain, for he had paid the disbursements. This left him $775.55 clear for his services. But this action is to recover the amount of the said taxed costs which he retained, viz., $448.68, the additional $80 not being sued for. The summons and complaint were for $500, but the plaintiff restricted his claim to this amount on the trial. The defendant pleaded a general denial, and the defences of payment and accord and satisfaction. The Justice gave the plaintiff judgment for the full amount claimed. This adjustment would leave the defendant $326.87 clear for his services, besides the said $105.94, the amount of his disbursements.

The costs in a judgment belong to the client and not to the attorney in the absence of an agreement to the contrary. Earley v. Whitney, 106 App. Div. 399, 94 N. Y. Supp. 728. The plaintiff therefore made out her case by proving that the defendant kept the costs. The defendant's general denial obviously failed, for he collected the costs and kept them. His defence of payment failed, for he never paid them to the plaintiff. His defence of accord and satisfaction failed, for he did not even attempt to prove it on the trial. The plaintiff was therefore entitled to judgment, except that the defendant was allowed to testify without objection that he had made an agreement with the plaintiff after the first trial that he was to have one-half of the damages that might be recovered, and all of the taxed costs, for his compensation. This the plaintiff denied; and the Justice's decision in favor of the plaintiff cannot be said to be against the weight of evidence. The defendant next testified that his services were worth $750 or $800. The question calling for this was objected to by the plaintiff on the carefully stated ground that it was "incompetent and immaterial for the reason that the defendant is contending that he has a contract, and he is attempting to prove, I presume, quantum meruit." This may or may not have been a good objection, but the Justice was not allowed to rule on it, for defendant's counsel disclaimed that he was seeking to prove quantum meruit, saying that he was "attempting to prove whether it is a fair and conscionable contract," whereupon the evidence was allowed. It was deemed and apparently was competent and necessary for the purpose for which it was thus restricted, offered and received, because of a recent decision. Morehouse v. Brooklyn Heights R. Co., 185 N. Y. 520, 78 N. E. 179. Another attorney gave the same evidence afterwards. It was not objected to, nor was it necessary nor would it have been orderly to object to it, for it came under the same ruling as the previous testimony of the defendant on that head.

This is a case, however, in which the amount of the costs as taxed and paid may be taken as the measure of the attorney's compensation, in the absence of an agreement fixing the same, or of any evidence and finding of the value of his services as upon quantum meruit. The recovery should therefore be reduced accordingly.

The judgment is reversed, unless the plaintiff stipulate within ten days to reduce the damages to $246.87, with interest from June 1, 1905, in which case it is affirmed, without costs to either party here.

Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event, unless the plaintiff stipulate within 10 days to reduce the damages to $246.87, with interest from June 1, 1905, in which case it is affirmed, without costs to either party here. All concur, except HOOKER, J., who dissents.

HOOKER, J. (dissenting). The defendant, as attorney for the plaintiff, brought an action on a policy of life insurance against the Prudential Life Insurance Company. The first trial resulted in a nonsuit, the plaintiff appealed, and the judgment was reversed. The second trial resulted in a verdict for the plaintiff, the defendant appealed, and the judgment was again reversed. The third trial resulted in an-

other judgment for the plaintiff, the defendant appealed, but before the argument of the appeal the plaintiff's claim was settled by the payment of the sum of $1,128.36 to the defendant in this case by the insurance company. This sum represented the face of the policy, $500, together with the costs and disbursements of the plaintiff upon the three trials and the two appeals. The defendant in this case acted as the plaintiff's attorney through the entire litigation and personally conducted the trials and appeals. After the settlement with the insurance company, he remitted the sum of $254.25 to the plaintiff and kept the balance of the amount paid by the insurance company upon the settlement to reimburse him for the expenses that he had had and to pay him for his services. To and including the third trial the disbursements which had been paid by the defendant in this action had amounted to considerably more than $105.94.

This action is to recover from the attorney the sum of $500, money had and received; the plaintiff claiming he wrongfully retained out of the settlement of her action against the insurance company even more than that sum. The plaintiff has had judgment, the effect of which is to determine that the defendant is entitled for his services in the prior action to about $300, and such a result shocks the sense of justice. In other words, if this judgment is permitted to stand, the plaintiff will receive the full amount of her claim and about $300 in addition.

The plaintiff's evidence was to the effect that she employed the defendant as her attorney to bring the action against the insurance company and that neither then nor later was any arrangement made between them as to the amount of his compensation. One of the implied terms of the contract of retainer was, therefore, that he should receive fair and reasonable compensation. She proved the amount collected from the insurance company, the amount paid her by the defendant on the settlement, and rested. The defendant testified in detail to the services he performed, and both he and the attorney who had defended the insurance company testified that the defendant's services were fairly worth between $750 and $900. The Municipal Court was, of course, not bound by this evidence of value; but in view of the large amount of services that were actually performed, and the results obtained and the evidence of value in the record, I feel it our clear duty to reverse this judgment as against the weight of evidence.

The view I have taken of the question as presented by the record renders it unnecessary for us to discuss the effect of the defendant's evidence of the special contract regarding the amount of his compensation, which he testifies he entered into with the plaintiff after the first trial and before the first appeal of the insurance case. Even under the theory upon which plaintiff tried this case, the defendant is entitled to fair and reasonable compensation for his services; and this reward he cannot reap if the judgment appealed from is allowed to stand.

The judgment should be reversed, and a new trial ordered; costs to abide the event.