Fuchsberg, J.
(concurring). I have no difficulty with the court’s broadened conceptualization of the “continuous treatment” doctrine. But I write to express my misgivings at the extraordinary burdens we would place on the defendants against whom the plaintiff’s conclusorily alleged rescission cause of action has been lodged.
The trust agreement, which is part of the record, clearly sets out a capital enhancement goal. Concomitantly, it expressly contemplates the making of some high risk in *96 vestments and, to that end, unambiguously places considerable discretion in the hands of trustee Greene. Safeguards for trustees under such circumstances are common. Nor is it to be assumed that the fee schedule, in part contingent, was out of line for such services. Also in the record is 10 years of copious correspondence between Greene and the cestui, that of the latter often in spontaneous holographic letters which portray the plaintiff, whatever may have been her earlier emotional state, as an intelligent, alert and interested trustee-beneficiary. At this point at least, there is no demonstration that the agreement was breached or that the defendant was imposed upon.
Though I agree that, nevertheless, prevailing liberal pleading policy justifies survival of the case at this stage of the litigation, it also seems to me that we rely far too heavily on the thrust of such cases as Whitehead v Kennedy (69 NY 462), Matter of Howell (215 NY 466) and Howard v Murray (38 NY2d 695, 699, 43 NY2d 417). In Whitehead and in Howell, an attorney sought a recovery for legal services under a retainer agreement. The posture of the lawyers in those cases as suitors, in contrast to the situation here, where suit is brought against the attorneys, should not be without influence on the quantitative and qualitative burden of the parties. Significantly, the propositions for which Whitehead and Howell are cited were uttered in the context of developed factual records. Notably, in Howard we refused to apply the Whitehead formulation until “underlying imbalance of [the] agreement” had been established (compare 38 NY2d 695, 699, with 43 NY2d 417, 422).
Taken literally and without at least some preliminary factual showing, a lawyer’s founded fear that any client on any whim could subject him or her to a well-nigh undismissable suit, may very well chill the undertaking of many proper and desirable relationships between an attorney and a client. This consequence is to be avoided. Even Shakespeare could not have been all that serious when he said, “The first thing we do, let’s kill all the lawyers” (King Henry VI, act IV, scene 1, line 86).
*97 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones and Meyer concur with Judge Wachtler; Judge Fuchsberg concurs in a separate opinion.
Order affirmed, with costs, and question certified answered in the affirmative.