# SUPREME COURT.

MICHAEL F. KEENAN agt. CHRISTIAN DORFLINGER.

The *lien* of an attorney for his *compensation* attaches to the *subject matter of the claim*, and exists from the commencement of the action to judgment; and the *taxable costs* are *prima facie* the measure of such compensation.

*New York Special Term, December,* 1859.

THIS was a motion on the part of the defendant for an order of discontinuance without costs, founded upon a consent in writing to that effect signed by the plaintiff. It appeared by the affidavits, that after the report of a referee against the defendant for $500, the parties to the action met and settled the claim without the knowledge or assent of the attorney, and the plaintiff gave the defendant a general release and a consent to discontinue without costs. It was claimed in support of the motion,

1st. That the right to costs as such does not attach until judgment.

2d. That they are allowances to the party, and not to the attorney.

3d. That the taxable costs are not the measure of compensation for the attorney's services.

4th. That the lien of the attorney as against the defendant does not attach until judgment, and then not for the taxed costs, but for his compensation for his services, which may be more or less than the taxed costs.

It was contended for the plaintiff that the attorney's lien for compensation existed before judgment, and attached to the subject matter of the claim, so that the defendant could not settle with the plaintiff in any way so as to avoid the payment of the taxable costs to the attorney.

MALCOM CAMPBELL, *for defendant.*

J. S. L. CUMMINS, *for plaintiff.*

CLERKE, Justice, *held* that the lien of the attorney for his compensation attached to the claim itself, and existed from the commencement of the action to judgment, and that the taxable costs were *prima facie* the measure of such compensation.

Motion denied as applied for ; but an order of discontinuance granted, upon payment of the taxable costs to plaintiff's attorney.