In the Matter of the Probate of the Last Will and Testament of JAMES STEWART, Deceased.

Under the provision of the Code of Civil Procedure (§ 2576), providing for appeals from surrogates' decrees, an appellant desiring a review upon the facts is not required to so specifically state in his notice of appeal. The grounds of the appeal are not required to be stated, and a notice that the appeal is "from the decree, and each and every part thereof, is sufficient to authorize such a review.

Said section was intended to declare affirmatively the power of the General Term to review both the facts and the law on appeals from surrogates' decrees, not to regulate the practice in bringing such appeals, except to require that, when the appeal is from a decree rendered on trial of an issue of fact, a case must be made and settled, as on an appeal in an action.

The rule that in an action tried by a jury, a motion for a new trial is necessary to review the facts, is not applicable to a trial before a surrogate.

Reported below, 61 Hun, 544.

(Submitted June 15, 1892; decided October 11, 1892.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made July 2, 1891, which reversed a decree of the surrogate of Kings county

admitting to probate a will of James Stewart, deceased, dated November 16, 1881, and a codicil thereto, dated January 21, 1884, and refusing probate of a will of said deceased dated March 12, 1887, and codicils thereto.

The facts, so far as material, are stated in the opinion.

*William D. Veeder* and *D. W. Northup* for appellants. An appeal from a decree of the surrogate can only be taken upon questions of law, or upon the facts, or upon both. (Code Civ. Pro. § 2576.) There was no appeal in this case upon the facts. (*Burger* v. *Burger*, 111 N. Y. 525 ; *In re Hunt*, 110 id. 278 ; Code Civ. Pro. § 2586.) There was no statement in the case presented to the General Term that the case contained all the evidence, hence the General Term could not review the facts. (*Aldridge* v. *Aldridge*, 120 N. Y. 614 ; *Porter* v. *Smith*, 107 id. 534 ; *Murphy* v. *Board of Education*, 53 Hun, 171 ; *Burger* v. *Burger*, 111 N. Y. 530 ; *Brayton* v. *Sherman*, 119 id. 623 ; *Halpin* v. *P. Ins. Co.*, 118 id. 165.) It is only when the General Term reverses a decree of the surrogate upon questions of fact, which it has power to review, that it can direct a trial by jury of the issues. (Code Civ. Pro. § 2588.) No stipulation for judgment absolute was necessary on this appeal, as the ground of appeal is want of power of the General Term to make the order. (*Beman* v. *Todd*, 124 N. Y. 114.)

*W. B. Maben* for respondents. This appeal should be dismissed because the notice of appeal contains no stipulation or assent that, if the order is affirmed, judgment shall be rendered absolute against defendant. (Code Civ. Pro. § 191, subd. 1.) The appellate court had the right to decide this case upon questions of fact. (Code Civ. Pro. § 2586 ; *Angevine* v. *Jackson*, 100 N. Y. 470 ; *Sutton* v. *Ray*, 72 id. 482.) An appeal to the Court of Appeals will not be entertained when the court below has ordered a new trial, if any material and controverted question of fact was involved and the General Term granted a new trial. (*Harus* v. *Burdett*, 73 N. Y. 136 ; *Luebley* v. *Conner*, 78 id. 218 ; *Wheston* v. *David*, 81

id. 645; *Banks* v. *N. H. R. R. Co.*, 95 id. 656; *Burger* v. *Burger*, 111 id. 523; Code Civ. Pro. § 2588.)

ANDREWS, J. The General Term on appeal from the decree of the surrogate, which admitted to probate the will of 1881, and the codicil thereto, and denied probate to the will of 1887, on the ground that it was obtained by fraud and undue influence, reversed the decree " on questions of fact," and directed issues to be framed and sent to a jury for trial. The appeal to this court is taken on the ground that the General Term has no power to review the facts, for the reason that the notice of appeal to the General Term did not specify that the appeal was taken on the facts, but was in general terms only " from the decree and each and every part thereof."

It is insisted that upon such a notice only questions of law presented by exceptions were brought before the General Term, and that it could not reverse on the facts upon a consideration of the weight of preponderance of evidence, or because in its judgment the facts should be re-examined by a jury. The appellant relies in support of this contention upon section 2576 of the Code of Civil Procedure. That section, which is found in the article relating to appeals from orders or decrees of surrogates, is as follows: " The appeal may be taken upon questions of law, or upon the facts, or upon both. If it is taken from a decree rendered upon the trial by the surrogate of an issue of fact, it must be heard upon a case to be made and settled by the surrogate, as prescribed by law for the making and settling of a case upon an appeal in action."

The claim is that if the appellant desires a review upon the facts in the Supreme Court he must specify in his notice of appeal. Section 2576 does not require that such specification should be made, nor is it elsewhere prescribed, but this as is claimed is an implication from the language of the section. We are not satisfied that this contention is well founded. Section 2574, which prescribes how an appeal may be taken,

declares that it must be by written notice to be served. "referring to the decree or order appealed from and stating that the appellant appeals from the same or from some specified part thereof." It is not required that the grounds of the appeal shall be stated in the notice. ·

If under section 2576 it is necessary to specify that the appeal is upon the facts, in order to give jurisdiction to the appellate court to review them, it would seem equally necessary that if the appeal was upon the law, it should be so specified in order to enable the court to review the exceptions. We think section 2576 was intended to declare affirmatively the power of the General Term to review both the facts and the law on appeals from surrogates' decrees, and was not intended to regulate the practice in bringing appeals, except to require that when the appeal is from a decree rendered upon a trial of an issue of fact, a case must be made and settled, as on an appeal in an action. That was done in this case.

The question of undue influence in procuring the will of 1887, was the issue litigated and upon which the determination of the surrogate proceeded, and a large volume of testimony was presented to the General Term, and that court on reviewing the facts reversed the decree and ordered issues. The notice of appeal informed the respondent that the entire decree was challenged and the case prepared exhibited both the questions of fact and the law involved.

The rule that in an action tried by a jury a motion for a new trial is necessary to enable the General Term to review the facts, is based upon reasons wholly inapplicable to the case of a trial before a surrogate. (*Burger* v. *Burger*, 111 N. Y. 528.)

We are of opinion that the point urged is not well taken and that the General Term had jurisdiction to review the facts.

The question is new and it is proper under the circumstances to dismiss the appeal, leaving the parties to be governed by the order of the General Term.

All concur.

Appeal dismissed.