### PEOPLE v. ORIENTAL BANK.

(Supreme Court, Appellate Division, First Department.   January 8, 1909.)

1. RECEIVERS (§ 203*)—SUBJECTS—TEMPORARY RECEIVERS' ACCOUNTS—REFERENCE.
   The accounts of receivers should be referred before being passed upon by the Supreme Court, where large sums are involved.
   [Ed. Note.—For other cases, see Receivers, Dec. Dig. § 203.*]

2. RECEIVERS (§ 196*)—VACATION OF APPOINTMENT—EFFECT ON RIGHT TO COMPENSATION.
   Receivers are not deprived of the right to compensation as a matter of law by vacation of the order appointing them, where the order was vacated for improvident exercise, and not for want of jurisdiction to appoint.
   [Ed. Note.—For other cases, see Receivers, Dec. Dig. § 196.*]

3. RECEIVERS (§ 203*)—REFERENCE—ORDER—FORM.
   An order referring claims of temporary receivers for allowance of fees, etc., on vacation of their appointment, should provide that their accounts and the objections thereto be referred to a specified referee, and that he report thereon, with his opinion, as well as upon the question as to what compensation and expense, if any, should be allowed to the receivers, and by whom the same should be paid.
   [Ed. Note.—For other cases, see Receivers, Dec. Dig. § 203.*]

Appeal from Special Term, New York County.
Action by the People of the State of New York against the Oriental Bank.   From an order of reference, defendant appeals.   Modified and affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGH-TON, and SCOTT, JJ.

Charles K. Beekman, for appellant.
John L. Wells, for respondents.

PER CURIAM. It accords with the long-established practice of the court to subject the accounts of receivers to the scrutiny of a referee before passing upon them, when, as in the present case, large sums have to be accounted for. The questions sought to be raised by the exceptions can best be disposed of on the coming in of that report. It cannot be said now, as matter of law, that the receivers are entitled to no compensation because the order appointing them was vacated. That vacation did not proceed upon the ground that the court was without jurisdiction to appoint receivers ex parte, but upon the ground that, having such jurisdiction, it was improvidently exercised. When all the facts are before the court, it can be determined what allowance, if any, should be made to the receivers for their compensation and expenses. The order is not drawn in the usual form, and should be modified, so as to provide that the accounts of the receivers and the objections thereto be referred to the referee named in the order appealed from, and that he report thereon, with his opinion, as well as upon the question as to what compensation and expense, if any, should be allowed to the receivers, and by whom the same should be paid, and, as so modified, will be affirmed, without costs in this court.