In the Matter of Proving the Will of WILHELMINA STAIGER, Deceased.

FRANK V. BALDWIN et al., Appellants; JULIA STRETZ et al., Respondents.

(Argued October 3, 1928; decided November 20, 1928.)

*Victor E. Whitlock* for Frank V. Baldwin, appellant. The Surrogate's allowances for counsel fees, commissions and disbursements were made in the exercise of a proper discretion, pursuant to the express terms of the statute, and there is no finding in the lower court that this discretion was abused. (Surrogate's Court Act, § 278; *Matter of Marshall*, 189 App. Div. 477.) The decision of the Appellate Division holding as matter of law that the will was not legally established and that no executor was appointed and all of his acts were null and void, was erroneous. (*Matter of Selleck*, 111 N. Y. 290.) It was a proper exercise of discretion for the Surrogate to direct that the costs awarded to Julia Stretz should be paid out

of the estate, and there is no finding in the lower court that this discretion was abused. (Surrogate's Court Act, § 283.)

*Maurice Bloch,* appellant, in person. The allowance to the special guardian was not unreasonable. (*Livingston v. Ward,* 248 N. Y. 193.)

*Henry Schoenherr* for respondents. The reduction by the Appellate Division of the allowance to Maurice Bloch for his services as special guardian being discretionary, the decision is final and cannot be reviewed by this court. (*Matter of Stevens,* 99 N. Y. Supp. 1070.) The alleged lost or destroyed will not having been legally established there was no will, there was no executor, and all acts of the putative executor were null and void. (*Dodd* v. *Anderson,* 197 N. Y. 466; *Benjamin* v. *Ver Nooy,* 168 N. Y. 578.) The Surrogate erred in directing that the costs awarded to Julia Stretz be paid out of the estate. (*First Nat. Bank* v. *Fourth Nat. Bank,* 84 N. Y. 469; *Mossein* v. *Empire State Surety Co.,* 117 App. Div. 782; *Franey* v. *Smith,* 126 N. Y. 658; *Trustees of the Presbytery, etc.,* v. *Westminster Presbyterian Church,* 223 N. Y. 586.) The commissions allowed were not authorized by the statute. (*Fowler* v. *Bowery Savings Bank,* 113 N. Y. 450; *Matter of Hurst,* 111 App. Div. 460.) The Surrogate's allowance for counsel fees, commissions and disbursements in view of the decision of the Court of Appeals, constituted a gross abuse of discretion. (*Matter of Westerfeld,* 61 App. Div. 413; *Matter of Jackson,* 215 N. Y. Supp. 230.)

CARDOZO, Ch. J. Wilhelmina Staiger made her will in May, 1923, disinheriting her daughter, and leaving her whole estate, with the exception of some trifling gifts of money, to her two grandchildren. The will could not be found after her death, but a copy was in existence and in the possession of her attorney. The executor there named offered the will for probate under Surrogate's Court Act,

section 143, charging that the will was in existence at the death of the testatrix and had thereafter been fraudulently destroyed. The declarations of the testatrix made only a few days before her death gave ample support for the charge if they were admissible as evidence. The probate proceedings led to a decree establishing the lost will and admitting it to probate. The decree was affirmed at the Appellate Division, but reversed in this court on the ground that the declarations of the testatrix had been erroneously admitted, and that without them the evidence was insufficient to justify a finding of fraudulent destruction. The proceeding was remitted to the Surrogate with costs in all courts to abide the event (*Matter of Staiger*, 243 N. Y. 468).

The proceeding coming on for a new trial, there was a concession by the proponent that no other evidence was available, and probate of the lost will was accordingly refused. The Surrogate awarded to the executor the expenses incurred in support of the attempted probate and in the later discharge of his duties as executor, and also his commissions. Included in the expenses were the fees of counsel, past and present, and disbursements for bond premiums and the service of an accountant. Costs were awarded to the contestant, but were made payable out of the estate, which passed to the contestant as the sole heir and next of kin. An allowance was also granted to the Special Guardian acting for the grandchildren.

Upon appeal to the Appellate Division the decree was modified by denying to the executor any allowance for expenses or commissions, by substituting a direction that the costs be paid by him personally in place of the Surrogate's direction that they be paid from the estate, and by reducing the Special Guardian's allowance to $1,000. There were other modifications, less important, by which appellants are not aggrieved. The ruling was that since " the alleged lost or destroyed will was not legally established, there was no executor appointed, and that all acts

of the putative executor were null and void." For this, *Dodd* v. *Anderson* (197 N. Y. 466) was cited as authority.

We held in the case cited that one who offers a will for probate may not charge the estate with the costs of the proceeding if probate is refused. " There can be no executor where there is no will." " Unless a will is admitted to probate there can be no letters testamentary." " Until letters testamentary or of administration are issued upon the estate of a decedent there is no legal representative of the estate " (197 N. Y. 470, 471). From these premises, the conclusion was thought to follow that when the will is never established and the letters are never issued, " he who assumes to act as executor is merely a volunteer who has assumed the risk of having his acts repudiated by the courts of competent jurisdiction." We did not go into the question whether the result would be different if probate had been granted and letters issued, but thereafter vacated or reversed.

Promptly following that decision came an amendment of the statute (Code Civil Procedure, § 2746; Surrogate's Court Act, § 278): " When the decree is made upon a contested application for probate of a will, costs, payable out of the estate or otherwise, shall not be awarded to an unsuccessful contestant of the will, unless he is a special guardian for an infant or incompetent, appointed by the surrogate, or is named as an executor in a paper propounded by him in good faith as the last will of the decedent; but where a person named as the executor in a will propounds the will for probate, such person so named as executor may, whether successful or not, in the discretion of the surrogate, be awarded costs and all necessary disbursements made by him and all expenses incurred in the attempt to sustain the will." This amendment, though invoked by the Surrogate, was ignored by the Appellate Division in reversing his award. It supplies the guiding rule for the expenses of the contest.

We think the evidence sustains a finding that a paper

had in good faith been propounded for probate as a will by one named as an executor. If that is so, compensation for the proponent's expenses might be allowed in the discretion of the Surrogate. Plainly the statute would apply if the paper supposed to be a will was still in existence when propounded by the putative executor. We think it does not cease to apply when the paper has been lost, if ,probate, though denied, has been demanded in good faith. Not the outcome of the contest, but the good faith of the proponent is the statutory standard. Here the evidence is ample that what was done by the proponent was done in good faith and upon reasonable grounds. There can be no distinction in such circumstances between propounding a lost will and propounding any other. The statute must be read with an eye to the mischief to be remedied. We hold with the Surrogate that expenses incurred by the executor for the services of counsel are a charge on the estate.

We think a like ruling must be made as to the payments made by the executor for premiums on the bond, for the services of accountants, and also as to his own commissions. These items are not governed by the statute (Surrogate's Court Act, § 278), for they were not expenses of the contest. They have to do with payments made and services rendered after probate had been allowed and letters testamentary granted, at times, in other words, when the proponent was acting as executor under a decree valid till reversed. To such a situation, our ruling in *Dodd* v. *Anderson*, relating as it did to expenses incurred by one who had never succeeded in establishing his title as executor, may not fairly be extended. The decree, even though erroneous, was not void, and the executor, while it stood, might rest on its authority. He is entitled, like a receiver, to be paid for services and disbursements while protecting the estate under the mandate of the court (*Matter of Hurst*, 111 App. Div. 460, 462; *Wood's Admr.* v. *Nelson's Executor*, 10 B. Mon. [Ky.] 229, 231;

*Hernandez* v. *Brookdale Mills, Inc.,* 232 N. Y. 552; *Pitts-field Nat. Bank* v. *Bayne,* 140 N. Y. 321, 330; *People* v. *Oriental Bank,* 129 App. Div. 865; *Clark* v. *Brown,* 119 Fed. Rep. 130). No doubt the Appellate Division might have reduced the award if found to be excessive. That is not what it did. It reversed upon the law, and held that there was a lack of jurisdiction to make an award at all.

We think there was error also in disturbing the determination of the Surrogate that the costs of the proceeding including the appeal to this court should be paid out of the estate. It is true that in reversing the decree of probate we directed that costs in all courts should abide the event. This did not deprive the Surrogate of the discretionary power to determine whether they should be charged upon the estate or paid by the proponent personally. Surrogate's Court Act, section 283, provides: " The appellate court may award to the successful party the costs of the appeal; or it may direct that they abide the event of a new trial; or of the subsequent proceedings in the surrogate's court. In either case, the costs may be made payable out of the estate or fund, or personally by the unsuccessful party, as directed by the appellate court; or, if such direction is not given, as directed by the surrogate." The discretion so exercised is not subject to review upon appeal unless so manifestly wrong as to indicate an abuse of power (*Matter of Selleck,* 111 N. Y. 284).

We pass from the appeal by the executor to the appeal by the Special Guardian. The Appellate Division did not question his right to an allowance from the estate (*Livingston* v. *Ward,* 248 N. Y. 193). It reduced the amount, and he complains of the reduction. At what figure the value of his services should be reckoned was a question of fact. Under Surrogate's Court Act, section 309 (formerly Code Civil Procedure, § 2586, until the revision of 1914, and then § 2763), the Appellate Division

had the same power to decide that question as the Surrogate had (cf. *Matter of Stewart*, 135 N. Y. 413, 416). Such cases as *Matter of Selleck* (111 N. Y. 284); *Matter of Alder* (60 Hun, 481, 483), and *Matter of Eisner* (6 App. Div. 563), do not apply. They deal, not with the determination of question of facts in a true sense, but with the award of a discretionary remedy after the facts have been ascertained. The estate here in controversy is small, and one of the two grandchildren was already of age when the guardian was appointed by an *ex parte* order. The record does not justify us in disturbing the estimate of value.

Upon the appeal by the executor the order of the Appellate Division should be modified in accordance with this opinion, and as modified affirmed, with costs to the appellant in the Appellate Division and in this court payable out of the estate.

Upon the appeal by the special guardian, the order should be affirmed without costs to either party.

POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.