(Submitted May 20, 1935; decided May 28, 1935.)

*Herman B. Forman, Richard A. Geis* and *Thilo C. Schulze* for appellants. The discretion exercised by the Surrogate was not subject to review by the Appellate Division unless it found that there was an abuse of discretion. (*Matter of Staiger,* 249 N. Y. 229; *Matter of Selleck,* 111 N. Y. 284; *Day* v. *Donahue,* 62 N. J. L. 380; *People* v. *N. Y. C. R. R. Co.,* 29 N. Y. 418.) The Surrogate properly exercised the discretion reposed in him by section 278 of the Surrogate's Court Act. (*Matter of Reimers,* 261 N. Y. 337; 264 N. Y. 62.)

*Arthur T. O'Leary* and *Edward W. Rooney* for respondent. There is no question of law herein involved. (*Woodruff* v. *Imperial Fire Ins. Co.,* 90 N. Y. 521; *McDonald* v. *Buffalo L. T. & S. O. Co.,* 193 N. Y. 92; *McCulloch* v. *Dobson,* 133 N. Y. 114; *Dudley* v. *Perkins,* 235 N. Y. 448; *Matter of Denton,* 137 N. Y. 428; *Allen* v. *Stevens,* 161 N. Y. 122; *Matter of Reimers,* 264 N. Y. 62.)

CRANE, Ch. J. This matter has been here before (*Matter of Reimers,* 261 N. Y. 337; 264 N. Y. 62).

The appellants were executors named in a will which they sought to probate. A later will was filed and they thereupon became contestants. The later will was admitted to probate and the Surrogate pursuant to section 278 of the Surrogate's Court Act made them a substantial allowance for costs and expenses of the contest. Cross-appeals were taken to the Appellate Division, one by the contestants to review the admission of the second will to probate, and the other by the executors of that will to strike out the allowance to the contestants. The allowance was stricken out on the ground that the Surrogate had no power to make it, but we decided otherwise in 261 New York, 337, and reinstated the allowance made by the Surrogate. This we understand has been paid.

Application was then made to the Surrogate for an additional allowance to cover the expenses incurred in defending the original decree. This was disallowed in

the first instance as beyond the power of the Surrogate to grant, but was finally decided by us in 264 New York, 62, in so far as we there decided that the Surrogate had power in his discretion to make such an allowance. Thereafter, the Surrogate according to this record made an additional allowance of $5,121.53 which apparently includes an allowance to the lawyers for services. The Appellate Division has reversed this order of the Surrogate as being in effect an abuse of discretion.

While this court held in *Matter of Staiger* (249 N. Y. 229) that the Appellate Division could not interfere with the discretion of the Surrogate in determining whether costs should be payable out of the estate or charged to the executor personally unless there appeared to be an abuse of discretion, yet the case also is an authority for the holding that the amount allowed is subject to review and modification by that court. (See, also, *Matter of Flagler*, 248 N. Y. 415.)

So far as the Surrogate allowed to the contesting executors the actual expenses incurred on the first appeal wherein the successful executors were also appellants, we think there was no abuse of discretion and that the allowance was proper. This included the stenographer's minutes, the premium on the bond and printing the case and the briefs on appeal to the Appellate Division. These actual expenses should be allowed.

While in a proper case, counsel fee might also be included, we think the Appellate Division were justified in disallowing it in this case. The size of the estate is such that it is rapidly being eaten up in litigation. True, some of this litigation has been caused by the narrow construction taken regarding the power of the Surrogate, necessitating an appeal by the contestants to preserve their rights. However, we think the discretion of the Surrogate has gone too far in allowing counsel fee on appeal when there was a substantial allowance made for costs and expenses of the trial or hearing.

We, therefore, modify the order of the Appellate Division and of the Surrogate by granting to the appellants their actual expenses as stated for printing the case and briefs and the stenographer's minutes, but no more.

The order of the Appellate Division should be modified in accordance with this opinion. As thus modified, the decree of the Surrogate should be affirmed, without costs.

LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.