IN THE MATTER OF THE SETTLEMENT OF THE ESTATE OF JAMES L. HAWLEY, *Deceased.*

(No. 8452)

Submitted November 11, 1936. Decided December 15, 1936.

*Charles J. Schuck,* for plaintiffs in error.

*Riley & Riley, Nesbitt & Nesbitt,* and *McCamic & Clarke,* for defendant in error.

WOODS, JUDGE:

This case involves the right of nominated executors in what purported on its face to be the last will and testa-

ment, in point of time, of James L. Hawley, to charge the estate of said testator with reasonable attorney fees, incurred by them in unsuccessful attempts, both before the county and the circuit courts of Ohio County, to have such will probated.

James L. Hawley, age 87, a man possessed of great wealth, died November 13, 1930. He left two testamentary papers—one executed in 1903, the other in 1930—purporting to be his last will and testament. By a codicil, in 1925, George W. Oldham and Louis F. Brand were named as co-executors with T. S. Riley, the latter having been designated sole executor under will of 1903. The second will, bearing date of August 3, 1930, although substantially the same, as to legacies, nominated George W. Oldham (party named in codicil of 1925), John P. Arbenz and Anna Hodge Strope (confidential secretary to Hawley at time of death) as executors. Both papers were left in the custody of Oldham. After Hawley's death, the nominated executors in last-named will, preparatory to presenting the same for probate, retained the services of two law firms. Oldham executed the petition for probate and affidavit thereto.

Notice was given that Riley and Brand and certain beneficiaries would contest the probate of the 1930 paper. The beneficiaries were, upon request, dropped as parties to the contest. The county court refused to probate the 1930 will, and probated the 1903 will.

Appeal was taken to the circuit court, where the matter was heard *de novo*. The jury returned a verdict in favor of the 1903 and against the 1930 will. An appeal was refused by this court.

After the executors, nominated under the 1903 will, and codicil of 1925, qualified, the estate was referred to George C. Beneke, commissioner of accounts for Ohio County. Three claims were presented by the nominated executors under will of 1930 representing attorney fees for services rendered in the county court, and the circuit court, and in preparation of and presentment to this court of petition for a writ of error. The commissioner made an allowance for expenditures in the county court

and the circuit court, but denied an allowance for services in preparation of petition for writ of error. The clerk of the county court, in vacation, confirmed the commissioner's findings. The circuit court, on appeal, reduced the allowance for attorney fees in the county court, and refused compensation for services in the circuit court.

The issue presented is novel. The numerous cases cited by counsel, with the exception of *Dodd* v. *Anderson,* (1910) 197 N. Y. 466, 90 N. E. 1137, 27 L. R. A. (N. S.) 336, 18 Ann. Cas. 738, (refusing compensation) and *In re Staiger's Will,* (1928) 249 N. Y. 229, 164 N. E. 33, (allowing compensation under statute) have little, if any, direct bearing thereon. It does appear, however, that the first mentioned New York case precipitated immediate legislative action, providing for payment of fees in a proper case. So we are left to consider the issue in the light of the duties of executors, under our practice.

"An executor of a will may propound it for admission to probate, and prosecute an appeal from a decree, declaring it void, in a suit to impeach it." *Ward* v. *Brown,* 53 W. Va. 227, 44 S. E. 488. And it follows that where a person has knowledge of his nomination as executor under a particular testamentary paper, he owes a duty to the testator to see that the paper is presented for probate. This duty was recognized by the revisers of the Code, by the insertion of a provision (Code 1931, 41-5-1) requiring that a person having the custody of a will "shall within thirty days after the death of the testator is known to him deliver such will to the clerk of the county court having jurisdiction of the probate thereof, or to the executor named in the will, who shall offer it for probate or deliver it to the clerk within a reasonable time." And a failure to so deliver such paper is thereby made a misdemeanor. Such legislative recognition, although effective a few months after testator's death, adds no little support to the reasonableness of our conclusion that the nominees in the will of 1930 not only had a right, but owed a corresponding duty, to present such

paper, and to incur necessary expenses, including attorney fees, in an effort to have the same probated.

The trial court, in determining what was a reasonable allowance to proponents of the 1930 will for attorney fees before the county court, has in effect found that the proponents thereof acted in good faith, and such finding, on the record made, is final on that issue.

We see no reason why the proponents of the 1930 will did not have a right under *Ward* v. *Brown, supra,* to an allowance for legal assistance in the circuit court, inasmuch as the statute (Code 1931, 41-5-7) provides for a trial *de novo* on appeal.

This court, for the foregoing reasons, is of opinion that there should be a reasonable allowance to the proponents of the 1930 will for attorney fees, both before the probate court and in the circuit court on appeal. And inasmuch as the circuit court allowed for attorney fees incurred before the county court in the litigation, we set that allowance aside for the purpose of giving the court a free rein to consider the two allowances in conjunction with each other as may seem to it proper. The case is therefore returned for the foregoing purpose.

*Reversed and remanded.*