IN RE JAMES L. HAWLEY'S ESTATE

(No. 8633)

Submitted September 1, 1937.  Decided September 28, 1937.

230

*Robert J. Riley,* for plaintiffs in error.
*Charles J. Schuck,* for defendant in error.

MAXWELL, JUDGE:

The subject here in controversy is attorneys' fees. The right to remuneration is asserted by attorneys who represented in the circuit and county courts of Ohio County the proponents of what purported to be the last will and testament of James L. Hawley, deceased. The purported will, dated in 1930, was not probated, but a will executed by the testator at an earlier date was probated.

On the former appeal in this case, we held that the executors of the purported will, seeking to have the same admitted to probate, were entitled to charge the estate with reasonable expenses, including attorneys' fees, incurred in the county and circuit courts, regardless of the outcome of the contest. *In Re Hawley's Estate,* 118 W. Va. 144, 189 S. E. 305.

The first appeal was based on a circuit court decree which allowed attorneys' fee of $6,000.00 for services rendered in the county court in connection with the effort which was made to cause to be admitted to probate the second or purported will, and which declined an award

of counsel fees for services rendered in the circuit court on appeal from the county court's order refusing probate. This court held that counsel for the proponents of the purported will were entitled to reasonable fees for their services in the circuit court as well as in the county court, and that such fees should be paid out of the Hawley estate. And, inasmuch as the circuit court had acted on the belief that there should be no allowance for services in that court, we deemed it advisable to set aside the circuit court's allowance for services in the county court in order that the circuit court might have "a free rein to consider the two allowances in conjunction with each other as may seem to it proper." The case was remanded for further consideration by the trial chancellor.

On the remand of the whole matter, and on further deliberation, the circuit court made an allowance in the sum of $9,500.00 for services rendered by attorneys in the county court on behalf of the purported will, and $16,750.00 for services in the circuit court on appeal. From the decree making these allowances, the executors of the Hawley will have obtained this appeal. They urge that the allowances are excessive and unwarranted.

In making the allowances stated, the circuit court approved and confirmed the amounts which had been ascertained and fixed by the commissioner of accounts to whom the settlement of the Hawley estate had been referred by the county court. The matter of these fees reached the circuit court originally on appeal from the county court's order affirming the allowances fixed by the commissioner. The finding of the commissioner of accounts fixing the fees in the amounts stated was based on testimony of experienced, reputable members of the Ohio County Bar that the professional services here drawn in question were reasonably worth in the separate courts, respectively, at least the amounts which the commissioner fixed.

Coincident with the rendition of the decree to which this appeal lies, the trial chancellor, in written opinion made part of the record, stated: "It will readily be seen

that, for this Court to make such reduction, (reduce the allowances made by the commissioner) it would be necessary that it find itself in disagreement with the finding of the commissioner on the matter of reasonableness of allowance. This court was never in disagreement with the commissioner on this feature. The Supreme Court has found the law to be that which the commissioner applied. With the factual findings of the commissioner there was never any quarrel. Accordingly, unless we should now take the view that we shall fix the fees in accord with what has been shown to be an incorrect understanding of the law, there is nothing to be done but affirm the findings of the commissioner. That affirmance is, accordingly, made."

The commissioner of account's action in allowing $16,750.00 for services rendered in the circuit court was warranted by the evidence and has met with the unqualified approval of both the county court and the circuit court. We affirm the same.

Our difficulty arises in respect of the allowance for services rendered in the county court. True, the commissioner's finding of $9,500.00 has been approved by both the county court and the circuit court, but the circuit court originally was of opinion to and did reduce that allowance to $6,000.00. We understand from the record that the trial court considered the allowance of $9,500.00, as made by the commissioner, was intended by him to compensate counsel not only for the actual trial work in the county court and preparation therefor, but also for the preparatory work in the county court for appeal to the circuit court, and, the trial court, on first consideration of this matter, being of opinion that, under the circumstances, the proponents of the 1930 paper were not entitled to prepare for nor prosecute an appeal at the expense of the estate, reduced the county court fee as aforesaid, and disallowed a fee for the circuit court services. Later, the appellate court having held that an appeal did lie at the behest of said proponents, and at the expense of the estate, the circuit court concluded that counsel should have the full amount allowed by the commissioner

for the county court services as well as an allowance for circuit court services. Inasmuch as an appeal to a circuit court on a matter of probate involves a trial *de novo* and not a review of a record made in the initial court, we are unable to find any other basis for the county court services than the actual trial therein and preparation for that trial.

The reduction of fee for services in the county court having been originally made by the chancellor, and that situation having been before us on the prior review of this matter, we then had no reason to anticipate that by holding there should also be a fee allowed for services rendered in the circuit court, and by setting the matter at large so the chancellor could have free rein to fix the fees for services in both courts, there would be an increase of the allowance in the county court, as well as a substantial allowance for the circuit court services. The great respect of this court for the learned trial chancellor and for the distinguished lawyers who are interested in these allowances has accentuated our deep concern in this matter. There is no fixed rule of law, no definite yardstick, by which to determine the matter in hand. We confess, however, our inability to adjust ourselves to the proposition that the reduced allowance for the county court fee, made when a fee for circuit court services was disallowed, should now be materially increased in conjunction with a substantial allowance of a circuit court fee. We therefore cannot approve the allowance of $9,-500.00, but are of opinion that the county court fee should stand as originally reduced by the chancellor, namely, $6,000.00.

The question of interest remains.

The amount fixed by the commissioner for services rendered in the circuit court having been ultimately found to be a proper allowance, there is no substantial reason why the award should not carry interest from the date of the filing of the commissioner's report. In the case of *Garden* v. *Riley,* 116 W. Va. 723, 183 S. E. 46, wherein there was involved a claim for professional services rendered a decedent in his lifetime, at his request,

we held: "Where a claim for attorney's fees, not fixed by agreement, is filed before a commissioner of accounts and the amount thereof is contested before the commissioner and is reduced by him, interest is chargeable on the amount allowed only from the date of the filing of the commissioner's report fixing the amount of the recovery, when the commissioner's report is finally affirmed." We perceive no reason in principal why there should be differentiation between claims for services rendered the testator personally, and those for services rendered his estate after his death. In either instance, the commissioner of accounts acts in a judicial capacity in passing on the merits of the claim and fixing the amount to be allowed. On the filing of the commissioner's report making an allowance for services, whether rendered before or after the death of the decedent, there is thereby effectuated a formal adjudication of the liability of the estate by reason of the claim presented and considered. It is a general rule that from the date of a commissioner's report sustaining in whole or in part a disputed claim, interest should attach. *Hoover-Dimeling Lumber Co.* v. *Neill,* 77 W. Va. 470, 87 S. E. 855, 11 A. L. R. 575; *In Re Hitchcock's Will,* 184 N. Y. S. 691; *In Re Kelly's Estate,* 221 Iowa 1067, 267 N. W. 667; 2 Woerner on Administration (3rd Ed.), p. 1362. Though the amount of the commissioner's award may ultimately be changed by the court, interest should nevertheless be allowed on the amount finally determined from the date that the commissioner adjudged that there was liability on the claim. *Beatty* v. *Snouffer,* 164 Iowa 746, 146 N. W. 844. On these principles, we consider that the sum of $6,000.00 for services rendered as above stated in the county court, and which amount we herein approve, should bear interest from the date of the commissioner's report. His adjudication of liability under this heading has remained undisturbed though the amount is reduced.

The decree of the circuit court is affirmed as to the allowance of the item of $16,750.00, with interest from May 3, 1934, being the date of the commissioner's report. But as to the allowance of the county court fee of $9,-

500.00, the decree is modified by reducing the latter item to $6,000.00 with interest from May 3, 1934, and, as modified, is affirmed.

*Modified and Affirmed.*