In the Matter of the Estate of JULIA SIMPSON, Deceased.

Surrogate's Court, New York County, April 16, 1941.

*Hardy, Stancliffe & Hardy* [*John L. Farrell* of counsel], for the proponent.

*David M. Neuberger,* for the contestant.

FOLEY, S. The motion made on behalf of Josephine C. Sutton, the contestant in the probate proceeding, to vacate the allowance of costs awarded against her, is denied.

No reason whatsoever is set forth in the moving papers to justify the granting of the application. Objections were filed by Miss Sutton to the probate of the propounded instrument. Thereby extended litigation resulted. The contestant had first claimed that she was a niece of the testatrix. Her claim to that relationship was exposed and determined to be fictitious upon the trial of the issue of her status. (*Matter of Simpson*, 175 Misc. 718.) It was conceded that she was a first cousin. She was a legatee under the will which she contested. Application was then made to strike out her objections upon the ground that even as a first cousin she had no status to contest because her legacy was more than she would gain by a denial of probate and by a consequent determination of intestacy. (N. Y. L. J. Feb. 24, 1941, p. 831.)

Counsel for the contestant contends that under section 278 of the Surrogate's Court Act costs were allowed and charged by the intermediate order dismissing the objections. That contention is based upon a misunderstanding of the facts here and of the usual practice of the court. The decree admitting the will to probate here, and signed simultaneously herewith, correctly sets forth the award of costs against the contestant personally. Costs were, therefore, awarded by a decree, pursuant to section 278 of the Surrogate's Court Act. In many cases objections to probate are dismissed or stricken out or withdrawn. Frequently such adjudications are preliminarily evidenced by an intermediate order in the proceeding. In other cases an intermediate order is not made but the determination disposing of the objections is embodied in the final decree admitting the will to probate. Where an intermediate order is made determining status and containing an allowance of costs against the unsuccessful party as here, its terms are carried into the final decree by an appropriate provision for such adjudication.

In the pending proceeding in the exercise of the discretion of the surrogate, costs were awarded against the unsuccessful contestant personally and were directed to be paid out of her pecuniary interest in the estate. (*Matter of Rogers*, 127 Misc. 428; affd., 220 App. Div. 834, First Dept.; *Matter of Buckley*, N. Y. L. J. Feb. 14, 1940, p. 701; affd., 260 App. Div. 863, First Dept.) They were computed and awarded in accordance with the provisions of sections 275, 276 and 278 of the Surrogate's Court Act.

The further contention of counsel for the contestant that costs at the rate of twenty-five dollars per day for the preparation for

trial may only be awarded where there has been an actual trial or hearing, is likewise unfounded. His claim shows a misunderstanding of the provisions and history of section 278 of the Surrogate's Court Act. The terms of that section were revised and clarified by the Legislature by chapter 762 of the Laws of 1936. The amendments were recommended by the Executive Committee of the Surrogates' Association of the State of New York. The changes were purposely made to permit the allowance of costs at the rate of twenty-five dollars per day " for each day necessarily occupied in preparing " for trial, regardless of whether an actual trial or hearing was held. Immediately after the filing of objections to probate the attorney for the proponent is required to investigate the issues raised by such objections. They usually involve questions as to the execution of the will, the testamentary capacity of the testator and the exercise of undue influence or fraud in the making of the will. In many cases the objections may be withdrawn either before the day set for trial or upon such day, yet the duty of adequate preparation in anticipation of actual trial is cast upon the attorney for the proponent. The section authorizes the allowance of costs at the *per diem* rate for preparation for trial. An explanatory note was printed in the bill which revised section 278 of the Surrogate's Court Act in 1936. It is indicative of the legislative intent. In that note it was stated: " In any contested probate proceeding substantial preparation for trial is necessary. The amendment confirms the surrogate's right to take into consideration this time spent in preparation even if objections are withdrawn on the eve of trial and even if the trial consumes only one day or less." Under the amended provisions of the section, therefore, it is immaterial that an actual trial did not take place. The *per diem* costs for preparation may be awarded whether the objections are stricken out, dismissed or withdrawn in advance of the trial, or where the contestant defaults or consents to the probate of the will.

In the pending proceeding the allowance of costs was based upon an affidavit showing the days devoted to the preparation for trial. The amount taxed by the surrogate was extremely reasonable and is far less than the counsel fees of the proponent and other expenses imposed upon the estate because of the contest. Legatees and other persons interested under the will should not be penalized by the expense incurred in meeting unwarranted objections to probate. The allowance of costs against the person filing such objections furnishes some mitigation of the expense of the preparation for trial.

Submit order on notice denying the motion to vacate the allowance of costs.