In the Matter of the Accounting of HOMER J. BORST, as Executor of LIZZIE S. FISHER, Deceased.

Surrogate's Court, Schenectady County, March 22, 1952.

*Harold J. O'Keefe* for Dorothy G. Frost, claimant.

*James E. O'Loughlin* for executor, respondent.

CAMPBELL, S. This court is called upon to fix the amount of costs to be allowed a successful claimant pursuant to section 278 of the Surrogate's Court Act.

Testatrix died May 15, 1940. The New York State estate tax proceedings show a gross estate of $147,582.71; net estate of $135,495.51, and the tax paid, pursuant to article 10-C of the Tax Law, was $1,207.96.

Litigation in this estate concerned a bond and mortgage for $2,000 executed in 1909 which was assigned to testatrix during her lifetime by Dorothy G. Frost, widow and executrix of the estate of J. Sheldon Frost, deceased. The latter, after this testatrix' death, filed a claim against this estate for the recovery of the principal amount of the mortgage together with interest thereon, claiming that the reassignment by Mrs. Frost was induced by fraud and not pursuant to an agreement between testatrix and J. Sheldon Frost made during the lifetime of both participants.

Thereupon, this court on January 21, 1947, appointed a Referee to hear the evidence and report to this court subject to confirmation, modification or rejection. All facts were stipulated before the Referee; no witnesses testified, and the decision of the Referee, which was based upon documentary evidence, resulted in favor of claimant.

This court confirmed the decision of the Referee but an appeal was taken to the Appellate Division of the Supreme Court, Third Department (*Matter of Fisher,* 275 App. Div. 509), which court on June 28, 1949, unanimously reversed this court and sustained the contention of the executor of this estate. Claimant's attorney then appealed to the Court of Appeals (*Matter of Fisher,* 303 N. Y. 344) which tribunal on December 6, 1951, reversed the decision of the Appellate Division and reinstated the determination of this court.

Counsel for claimant now petitions for the fixation of his costs pursuant to section 278 of the Surrogate's Court Act. Both the attorneys for the executor and counsel for Mrs. Frost agree that the sum of $311.15 be allowed as and for necessary disbursements.

The question before this court is how many days should be allowed the attorney for claimant in the preparation and trial of the claim pursuant to the section above stated.

Claimant's attorney requests that twenty-two days at $50 per day be allowed, stating that a vast amount of work was necessary in examining documents and letters which passed between Mrs. Fisher and Mr. Frost; between Mrs. Fisher and Mrs. Frost; and letters from Mr. Frost to one Lauder and the latter to Mr. Frost. It is contended by Mr. O'Keefe that this correspondence was very important to the ultimate outcome of the litigation and was only discovered by him at the close of the case before the Referee.

Claimant's attorney asks that five days of trial, less one, be allowed at $50 a day. In all, claimant's attorney asks allowances totaling $2,390, plus disbursements of $311.15.

Having in mind that the principal sum stated in the mortgage was $2,000, the amount requested seems excessive to this court.

In *Matter of Manchester* (279 App. Div. 254, 256), decided by unanimous opinion by the Appellate Division, Third Department, on January 9, 1952, Mr. Justice Coon stated: "The Surrogate had ample authority under section 278 of the Surrogate's Court Act to allow costs *in his discretion.*" (Emphasis supplied.)

However, this court is mindful that there must not be an abuse of this discretion. (*Matter of Reimers,* 268 N. Y. 9, 11; *Matter of Staiger,* 249 N. Y. 229, 235; *Matter of Selleck,* 111 N. Y. 284, 290.)

The late Surrogate Foley (*Matter of Simpson,* 176 Misc. 790, 791–792) interpreted section 278 of the Surrogate's Court Act, in part, as follows: "The further contention of counsel for the contestant that costs at the rate of twenty-five dollars per day for the preparation for trial may only be awarded where there has been an actual trial or hearing, is likewise unfounded. His claim shows a misunderstanding of the provisions and history of section 278 of the Surrogate's Court Act. The terms of that section were revised and clarified by the Legislature by chapter 762 of the Laws of 1936. The amendments were recommended by the Executive Committee of the Surrogates' Association of the State of New York. The changes were purposely made to permit the allowance of costs at the rate of twenty-five dollars per day ' for each day necessarily occupied in preparing ' for trial, regardless of whether an actual trial or hearing was held. Immediately after the filing of objections to probate the attorney for the proponent is required to investigate the issues raised by such objections. They usually involve questions as to the execution of the will, the testamentary capacity of the testator and the exercise of undue influence or fraud in the making of the will. In many cases the objections may be withdrawn either before the day set for trial or upon such day, yet the duty of adequate preparation in anticipation of actual trial is cast upon the attorney for the proponent. The section authorizes the allowance of costs at the *per diem* rate for preparation for trial. An explanatory note was printed in the bill which revised section 278 of the Surrogate's Court Act in 1936. It is indicative of the legislative intent. In that note it

was stated: ' In any contested probate proceeding substantial preparation for trial is necessary. The amendment confirms the surrogate's right to take into consideration this time spent in preparation even if objections are withdrawn on the eve of trial and even if the trial consumes only one day or less.' Under the amended provisions of the section, therefore, it is immaterial that an actual trial did not take place. The *per diem* costs for preparation may be awarded whether the objections are stricken out, dismissed or withdrawn in advance of the trial, or where the contestant defaults or consents to the probate of the will.''

Former Surrogate WINGATE in *Matter of Curley* (161 Misc. 391) gives a very illuminating dissertation regarding the section under consideration. At pages 396–397, he states: '' The provisions of section 278 of the Surrogate's Court Act relating to allowances on the construction of a will were made the subject of comment and analysis by the court in *Matter of Lyons* (160 Misc. 429, 431) in which the erroneous popular conception of such an allowance as a reward for ' assistance to the court ' in the construction was noted, and it was pointed out that the essential basis for the allowance was the usual one of at least partial success in some of the frequently multitudinous issues of a proceeding for testamentary interpretation. Assuming the presence of this element of success, the amount of the permissible allowance to a given party or his attorney must bear some reasonable relation to the financial magnitude of the interest which the particular attorney is attempting to protect. In this aspect, an allowance of this type in reality represents an exoneration or indemnification of the particular party for the expenses to which he has been put for counsel fees in connection with the proceeding. This is, in reality, a return to the basic theory of costs, which were originally considered as an indemnity to the party for the expenses of the suit (*Stevens* v. *Central Nat. Bank,* 168 N. Y. 560, 566), and to furnish the measure of compensation between attorney and client. (*Keenan* v. *Dorflinger,* 19 How. Pr. 153, 154.) It is for this reason that costs and allowances have uniformly been held to be the property of the client and not of the attorney. (*Matter of Howell,* 215 N. Y. 466, 474; *Barry* v. *Third Avenue R. Co.,* 87 App. Div. 543, 547; *McIlvaine* v. *Steinson,* 90 id. 77, 82; *Baumwald* v. *Two Star Laundry Service,* 234 id. 392, 395; affd., 260 N. Y. 538.) With the increasing expense of litigation during the passing years, and the growing discrepancy between the amounts allowed by statute as indemnity to the party and the actual expenditures

required, this basic conception has become obscured. The portion of section 278 of the Surrogate's Court Act now under consideration is, therefore, merely a partial return to basic actualities and fundamental theory, to the effect that in a proceeding for will construction a party who enjoys some measure of success in his contentions is entitled to some indemnity or reimbursement of at least some reasonable proportion of his total expenses in the proceeding. In this aspect, however, the sum which may be allowed as such indemnity or reimbursement may certainly not exceed a sum which would fairly represent the liability of the client to the attorney for the services performed. In any evaluation of such amount, the financial magnitude of the interest of the client is an important, indeed, perhaps even a predominant factor. (*Matter of Spanier,* 148 Misc. 879, 883; affd. 241 App. Div. 615; *Matter of Sharp,* 140 Misc. 427, 433; *Matter of Mackenzie,* 155 id. 822, 825; *Matter of Woolfson,* 158 id. 928, 935.) Except possibly in a test case involving far-reaching consequences or under other extremely extraordinary circumstances, it is inconceivable that a client would obligate himself for, or a court would deem reasonable, a payment to his attorney for services exceeding from one-third to one-half of the total amount involved, particularly in a case in which the obligation to compensate was absolute and not contingent. Indeed, it has been said that an agreement for a contingent payment of fifty per cent of the sum recovered is viewable with suspicion as to its reasonableness. (*Matter of Uravic,* 142 Misc. 775, 777; *Matter of Mackenzie,* 155 id. 822, 825; *Matter of Marinuno,* 158 id, 825, 828.) ''

In view of the principles above set forth, this court is of the opinion that claimant's attorney should be granted the following amounts as and for his bill of costs: Twenty-two days in the preparation of the claim for trial, amounting to $1,100; four days, less one, necessarily occupied in the trial or hearing, which amount is $150; and $100 in this contested matter. To these amounts are added $90 representing costs in the Court of Appeals and $311.15 disbursements, in all amounting to $1,751.15.

Enter decree accordingly.