In the Matter of the Petition of BROOKLYN TRUST COMPANY to Render and Settle Its Accounts as Substituted Trustee of Trusts Created in and by the Will of HENRY KNIGHT, Deceased.

EMMA KNIGHT POWERS, Appellant; LISETTE SNEDEN KNIGHT, General Guardian of HENRY LAMBERT KNIGHT, Respondent.

Second Department, April 8, 1921.

Wills — construction — " issue " defined — devise in trust with remainder over to children — provision that issue of deceased child take share of parent — issue includes grandchild of remainderman — will not construed to cut off direct descendants.

In the construction of a will the term " issue," unless qualified by some restrictive expression indicating clearly the testator's contrary intention, must be construed broadly as meaning direct descendants in any degree.

Under a will devising property in trust with remainder over to the children of the testator with a provision that " If any child is then dead having issue living at that time such issue shall take the share to which the parent would have been entitled to if then living," the word " issue " includes a grandchild of a remainderman.

The use of the word " parent " was merely to indicate the manner of final distribution, that is, per stirpes, so that the descendants of any of testator's children who might then be deceased would take only the share which their ancestor would then take if living.

It is elementary that, except in a very plain case, the court will not construe a will so as to cut off from inheritance or benefit any direct descendant of the testator.

APPEAL by Emma Knight Powers from a decree of the Surrogat's Court of the county of Kings, entered in the office of said surrogate on the 24th day of September, 1920, so far as the same adjudged that Henry Lambert Knight is entitled to and shall receive one-third of the trust fund created by the 6th clause of the said will.

James C. McLeer, for the appellant.

P. L. Anderson [Hoyt A. Moore with him on the brief], for the respondent, Lisette Sneden Knight, as general guardian of Henry Lambert Knight.

Second Department, April, 1921.          [Vol. 196

MILLS, J.:

The question involved is that of the true construction of a certain clause in the 6th provision of the will, which was made July 7, 1880. The testator died September 13, 1883, and the will was duly probated October 8, 1883. That provision reads as follows:

"*Sixth.* I give devise and bequeath to my executors hereinafter named one undivided fourth part of the remainder of all my estate of every kind in trust to collect the rents, incomes and profits and to pay over the same to my wife, Mary Ann Knight during the term of her natural life and on her death I give devise and bequeath the said fourth part to my children in equal shares. If any child is then dead having issue living at that time such issue shall take the share to which the parent would have been entitled to if then living. This bequest to my wife together with all other bequests in this will ·shall be in lieu of any dower right on the part of my said wife."

The clause therein to be construed is this: " If any child is then dead having issue living at that time such issue shall take the share to which the parent would have been entitled to if then living."

At testator's death he was survived by his widow and three children, namely, a son, Henry Clarence Knight, and two daughters, Anna Isabella Lidford and Emma Louisa Knight, the latter of whom is the appellant here. The widow died March 30, 1920; the son died January 13, 1916, leaving one child, a son, Frank Henry Knight, who died October 28, 1918, leaving one child, Henry Lambert Knight, born May 17, 1903. The daughter Anna is still living and has one living daughter and one grandchild; and the daughter Emma is still living, a widow having no child. The will contained another somewhat similar trust for the benefit of each of testator's children, and the principal of that trust for the benefit of the son was, upon his death, paid over to his son, Frank Henry Knight, then living.

After the death of the widow of testator, the Brooklyn Trust Company, being then substituted trustee, filed its account and presented its petition, asking that its account as to said trust fund be judicially settled, and that, as a question

had arisen as to the true construction of that clause, the same might be construed by the court and decree for final disposition made accordingly. The dispute was this: that the surviving two children of the testator contended that the term " issue " in said clause was restricted to children of a deceased child of the testator, and did not embrace grand-children thereof, that is, great-grandchildren of the testator; whereas it was claimed in behalf of said great-grandchild, Henry Lambert Knight, by his general guardian, that it did embrace also such great-grandchildren, or, in other words, any living descendent of the deceased children in the nearest existing degree. The learned surrogate, in a very brief opinion, adopted the latter view and made decision and decree accordingly. One of the surviving daughters has appealed; and so that question of construction has been passed along to us for our decision.

Upon examination of the able and clear briefs submitted, and the leading authorities therein cited, I am decidedly of the opinion that the surrogate determined the question correctly. Both counsel are agreed that in the construction of a will the term " issue," unless qualified by some restrictive expression indicating clearly the testator's contrary intention, has to be construed broadly as meaning direct descendants in any degree. (*Matter of Farmers' Loan & Trust Company*, 213 N. Y. 168; *Soper* v. *Brown*, 136 id. 244.) Appellant's counsel, however, contends that this particular clause does contain such a qualification in and by the words " such issue shall take the share to which the parent would have been entitled to if then living; " that those words indicate testator's intention that only the children of a deceased child of his shall take, as they only can take the share which their parent, being his child, would take if living at the widow's death. It must be conceded that the latter contention is not without plausibility and force. Respondent's counsel replies that the obvious use of the word " parent," upon which appellant so strongly relies, is merely to indicate the manner of final distribution which in that event the testator desired, *i. e., per stirpes*, not *per capita*, so that the descendants of any of his children who might then be deceased would take only the share which their ancestor would then take if living. Here, there

being only one descendant of the deceased son, it makes no difference in the result which rule applies. This contention of respondent's counsel seems to me to accord with reason and also with authority as indicated in the *Farmers' Loan & Trust Company Case (supra).* Moreover I look upon it as elementary and axiomatic that, except in an entirely plain case, the court will not construe a will so as to cut off from inheritance or benefit any direct descendant of the testator. Such a construction shocks one's sense of natural justice and will be avoided if reasonably possible. (*Soper* v. *Brown, supra,* 136 N. Y. 248.)

I advise, therefore, that the decree so far as appealed from be affirmed, with costs.

RICH, BLACKMAR, KELLY and JAYCOX, JJ., concur.

Decree of the Surrogate's Court of Kings county, so far as appealed from, affirmed, with costs.