In the Matter of the Petition of ROBERT F. RAYMOND, Respondent, for a Direction to ANDREW A. SMITH and Others, Administrators c. t. a. of the Estate of PHILIP SMITH, Deceased, to Pay Certain Funds Out of Said Estate.

JAMES P. SMITH and Others, Appellants.

First Department, December 11, 1925.

Attorney and client — retainer — contract between attorney for contestants in probate proceeding provided that attorney would receive fifty per cent of increase if contest was successful and twenty-five per cent if contest was settled before trial — contest was settled after jury was drawn — subsequent contract relied on in this proceeding provides for twenty-eight per cent of all amounts received by contestants — said second contract is inequitable, without consideration, and void.

A contract of retainer entered into between an attorney and his clients, who were the contestants in a probate proceeding, which was made after the contest had been settled and which provided for payment to the attorney of twenty-eight per cent of all amounts received by the contestants through the settlement, is inequitable, without consideration, and void, since it appears that when the attorney was retained by the contestants to protect their interests, a contract of retainer was executed whereby the attorney was to receive fifty per cent of the increase received by the contestants if the contest was successful and the will broken, and twenty-five per cent of the increase received by the contestants if the contest was settled before trial; that the contest was settled after the jury was drawn but before trial, and that the second agreement was not entered into until a dispute arose as to the construction of the first.

APPEAL by James P. Smith and others from a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 15th day of June, 1925, granting a petition to establish an attorney's lien for services under section 231-a of the Surrogate's Court Act (as added by Laws of 1923, chap. 526).

*Burke & Kirk* [*William A. Kirk* of counsel], for the appellants.

*Max D. Steuer* of counsel [*Gustave B. Garfield* with him on the brief], for the respondent.

MARTIN, J.:

Philip Smith died in New York county on the 15th day of October, 1922. On October thirty-first following, the petitioner was retained by the appellants, next of kin of the deceased, to contest the probate of the will. A contract of retainer was executed by which he was to be compensated as indicated by the following extract: " * * * in the event of a successful contest and the breaking of the will he shall receive one-half of the increase in the amount I shall receive over and above the will provision, that is, he shall receive one-half of the amount secured for me as the result of the contest; in the event of a settlement before trial he shall receive one-quarter of the amount I receive as a result of the settlement."

From this it appears that he was to receive twenty-five per cent of any increase that he might obtain for the appellants over what was left to them by the will if such increase should be obtained by settlement before trial, or one-half of the same if obtained *through a successful contest and breaking of the will.*

The contest as to probate was settled by a stipulation in or about March, 1923, whereby the will was to be admitted to probate and the appellants to receive a substantial sum over that provided for in the will. Thereafter a dispute arose between them and the petitioner with reference to the amount that he was entitled to receive under the original contract of retainer. At a conference in his office a second form of contract was executed by the appellants, in which they agreed to give him twenty-eight per cent of the entire sum received by them.

They now contend (1) that this contract was the result of overreaching and should be set aside; (2) that the twenty-eight per cent agreement was without consideration; and (3) that it should be set aside on equitable grounds, on the theory that a contract of retainer made after services are begun is subject to review by the courts.

The first retainer, which the appellants contend should be upheld, was executed on October 31, 1922, when the relationship of attorney and client arose, while the twenty-eight per cent agreement now in dispute was executed on December 27, 1923, almost fourteen months after the confidential relationship had been established and long after the services had been rendered. In *Matter of Howell* (215 N. Y. 466) the court said: " In this State it has been held that as to contracts made between the attorney and his client, subsequent to the employment which are beneficial to the attorney, it is incumbent upon the latter to show that the provisions are fair and reasonable, and were fully known and

understood by. the client.   *   *   *   The suggestion of the referee that there was no evidence in the case of fraud or undue influence on the part of the petitioner would seem to imply that it was obligatory upon the defendant to show fraud or undue influence on the part of the petitioner.   Such is not the law."

The original retainer provided that the petitioner was to receive fifty per cent if the contest should be successful and the will set aside.   It was not set aside and the obligation to pay fifty per cent never arose.

The petitioner also contends that because a jury was selected to try this case, although no testimony was taken, he became entitled to the fifty per cent.   That, however, was not the agreement.   Two stipulations were contained in the contract: (1) The contest had to be successful, and (2) the application to have the will admitted to probate was to be defeated, so that, as it was evidently contemplated, the contestants would be entitled to take as next of kin, in which event they would have been entitled to a much larger part of the estate than they would receive by the settlement.

It seems to have been the contention of the appellants, from the time of the settlement of the will contest, that the petitioner was not entitled to more than twenty-five per cent of the amount secured for appellants over the amount they would have taken by the terms of the will.   That this was not an afterthought is shown by the correspondence between the parties and a telegram sent by one of the attorneys to his associate.   That telegram reads in part as follows: " Heirs claim trial *ruse* to collect fifty per cent." The telegram referred to the petitioner's assertion that the drawing of the jury and the opening of the case constituted a trial, and according to him he had accordingly become entitled to fifty per cent of the amount received instead of twenty-five per cent.   It was only after considerable negotiations that he finally obtained the agreement for twenty-eight per cent of the entire sum received by each of the appellants.

The original retainer appears to have been drawn by the petitioner, and apparently he is responsible for its provisions.   Having agreed to take twenty-five per cent of any recovery in case of settlement and fifty per cent in case the will was set aside after a contest, he must abide by the terms of the agreement and accept payment in accordance therewith.   A favorable settlement of the contest and a recovery of more than what was provided for by the will was the event that entitled the petitioner to the twenty-five per cent; for it was expressly provided, in the event the will was not successfully contested and there was no settlement, that he was to receive nothing for his services.

He points to the fact that both he and his associates performed a large amount of work. He overlooks the fact that by the terms of his original retainer, irrespective of the work performed in the preparation and the so-called trial of the contest, he was not to receive anything should the will be upheld.

It is also argued by petitioner that the retainer is ambiguous. We do not find it so. Having been drawn by the petitioner, any ambiguity must necessarily be resolved against him. The clause he relies upon is as follows: " that is, he shall receive one-half of the amount secured for me as the result of the contest." This clause must be read in conjunction with what it sought to limit and define. It is an explanatory clause inserted for the purpose of definitely fixing the fund from which the petitioner was to be paid and definitely providing that the petitioner was to receive his payment out of the amount received by the appellants over and above the amount given by the will. By that clause it was intended to provide that he was to receive fifty per cent of the amount secured as the result of a successful contest, over and above the amount the appellants would have received under the terms of the will, and not fifty per cent of the entire amount received by appellants should probate be denied.

By reason of the terms of the retainer it is, therefore, unimportant whether the selection of a jury constituted a trial of the action, or whether the selection of a jury was a ruse.

We have reached the conclusion that the new agreement was not only without consideration (*Vanderbilt* v. *Schreyer*, 91 N. Y. 392; *Robinson* v. *Jewett*, 116 id. 40), but was inequitable in view of the circumstances surrounding the litigation.

One of the appellants, Roseann Baker, having stipulated that the appeal be withdrawn as to her and an order withdrawing the appeal as to her having been entered by consent of all parties, the order granting the relief prayed for by the petitioner should be reversed as to the remaining appellants, with ten dollars costs and disbursements to said appellants, and the motion denied with ten dollars costs.

CLARKE, P. J., DOWLING, FINCH and MCAVOY, JJ., concur.

Decree reversed, with ten dollars costs and disbursements, and the petition denied, with ten dollars costs, and proceeding remitted to the surrogate for further action in accordance with opinion.