In the Matter of the Application of C. BERTRAND RACE, Attorney and Counselor at Law of the State of New York, Respondent, for Adjudication of Said Attorney's Rights and for the Enforcement of Said Attorney's Lien upon Certain Funds in His Hands in the Form of a Certified Draft Payable to CHRISTINA G. HARRIS, Appellant, in the matter of C. BERTRAND RACE, Plaintiff, against CHRISTINA G. HARRIS, Defendant.

Third Department, March 5, 1936.

*John T. De Graff,* for the appellant.

*C. Bertrand Race* [*Newton B. Van Derzee* of counsel], for the respondent.

BLISS, J. Appellant engaged respondent to represent her as attorney at law in connection with the settlement of her deceased husband's estate. A dispute has arisen as to the construction to be placed upon the contract of retainer and as to its application. We may at the outset dismiss the appellant's contention that the agreement was unconscionable and, therefore, should not be enforced, with the statement that while the respondent looked well to his own interests in drafting the retainer, the agreement was not so unreasonable as to shock the conscience of the court.

But it is true that the parties were not dealing on an equal basis and at arms length. Theirs was not the matching of wits of the market place. Respondent, who concedes himself to be an attorney of "wide experience and large clientele, maintaining a fully equipped law office and assistants upon the leading street of his city," was dealing with a colored minister's elderly widow, who was inexperienced in legal affairs. The will was manifestly unfair to the widow and made no sufficient provision for her. Instead, it gave the bulk of the estate to collateral relatives and charitable or religious institutions. She had already signed a waiver consenting to its probate and was at a complete loss as to how to protect her own interests. Respondent read a copy of the will. He says that appellant then asked him "to act for her on the basis of accepting one-half of everything that he might recover for her over and above the aforesaid provisions given her under the will" and that he then reluctantly accepted such retainer.

The will itself gave her a legacy of $1,000; the proceeds of a certain mortgage, originally amounting to $5,500; and the life use of certain real estate situated in Connecticut, which real property the executor was directed to put in first class repair. The retainer, which respondent prepared, is set forth in full in the footnote.*

*" *September* 15th, 1931.

" Contingent contract of Retainer.

" RE: Estate of William O. Harris, dec'd.

" Mr. C. BERTRAND RACE,

Albany, New York.

" DEAR MR. RACE: I hereby retain you and employ you as an attorney at law of the Supreme Court, of the State of New York to appear for me and represent me in all matters pertaining to the administration of the estate and affairs of my late husband, William O. Harris, who died at the City of Albany, N. Y., upon July 5th, 1931, and to take any and all steps or proceedings therein, which you may deem advisable to protect my interests and rights as widow of the above named decedent, and also as heir at law, and next of kin of the same, and to secure for me said rights and all property and property interests therein, so far as possible, both under the alleged Will of said decedent, dated May 23rd, 1931, and now the subject of certain probate proceedings in the Surrogate Court, Albany County, and under its various terms and provisions, and also to effect whatever settlements or compromise that we may deem advisable, and out of the proceeds thereof, and any settlement obtained for me by you, either directly or indirectly, of said estate, and under said Will, or both, either before or after trial, I agree to pay you an amount equal to one-half of the amount of, together with any court costs, allowances made and disbursements expended, and of the property received by such settlement for me, and on my behalf over and above the provisions already made for me in said decedent's Will now offered for probate as aforesaid, it being estimated by me, that my provision under said Will are a $5,500 mortgage and $1,000 bequest only, and therefore, your share is to apply and attach to any recovery and settlement over said bequests and I am to execute whatever necessary petitions, papers, or releases, for you as my attorney, that you may deem advisable and necessary in protecting my interests and representing me in my said matters.

" Very truly yours,

" (Signed) CHRISTINA G. HARRIS.

The facts, especially in the light of subsequent events, do not warrant a complete setting aside of the agreement. Still we must resolve uncertainties as to its interpretation and application in favor of the appellant. (*Matter of Smith*, 214 App. Div. 622; *Hitchings* v. *Van Brunt*, 38 N. Y. 335.)

Reference is had above to subsequent events. Under this head mention should be made of appellant's contention that respondent's services were of little value. Respondent did not seek to establish his claim upon a *quantum meruit* basis. The services were of real worth. One specific example will suffice to illustrate this statement. After a contest appellant succeeded in obtaining a ruling from the Surrogate's Court that the real estate situated in Connecticut should be included in the property in which she was to take an intestate share under an election to share as in intestacy instead of under the will.

After the probate, upon respondent's advice, appellant elected to take her intestate share in the estate instead of the provisions made for her in the will. Her exemptions were set off to her, a partial payment of $3,500 made to her, from which respondent retained $1,000 on account, and an intermediate judicial settlement of the executor's accounts had. A discussion of the disputed items and statement of the accounts between the parties will reveal such additional facts as are necessary to an understanding of this opinion. Upon the intermediate settlement in Surrogate's Court $1,944.15 was decreed to be paid to appellant and a check issued by the executor and delivered to respondent. Dispute arose as to the balance of the fee, which was to be deducted from this check. Respondent petitioned the Supreme Court to establish the amount of his lien upon these funds. From an order fixing it at $1,172.38 the widow appeals.

The mortgage of $5,500 mentioned in the retainer is the same one the proceeds of which were bequeathed to appellant. The executor had not at the time of the intermediate accounting collected the balance unpaid on it. It is conceded by the parties, however, that since this accounting the executor has received $1,265 in full payment of the balance of principal and interest unpaid on the mortgage for which he has not as yet accounted. It must, there-

" STATE OF NEW YORK, $\Big\}$ *ss:*
  COUNTY OF ALBANY.

" On this 15th day of September, 1931, before me the subscriber, personally appeared the aforementioned Christina G. Harris, to me known and known to me to be the person described and who executed said instrument and she duly acknowledged to me that she signed and executed the same for the purposes therein specified.

" MARION R. BIRMINGHAM,
" *Notary Public.*"

fore, be allowed at that figure in determining what appellant would have received under the will and may not be included in what appellant has thus far received from the estate. Respondent will be entitled to share in further amounts received by appellant from the estate in the future, if he continues to perform the services called for in his contract. All that we need to know now is that appellant would have received this amount under the will and that she has not yet received it from the estate.

When the widow's exemptions were set off to her, respondent deducted $150 from them in cash. This he was not entitled to and it must now be charged against him. We are not impressed by his contention that the obtaining of the widow's exemption for her was a service outside of his contract of retainer. As a lawyer he knew that she was entitled to have such exempt property set off to her regardless of the will and that it was not a part of the assets of the estate in which she might obtain an intestate share. His retainer in several places provides that he was to take *all* steps necessary to protect her rights and secure for her *all* property he could from the estate. She would have received these exemptions whether she took under the will or as in intestacy. His contract bound him to obtain them for her.

Upon the settlement it was stipulated that the value of the Connecticut real estate in which appellant was devised a life estate was of the net worth of $2,900. This property was allowed at this figure in determining appellant's intestate share and she was allowed one-half of this sum as her distributive share therein. It is conceded that this sum so received by her must be included in the total amount thus far received by her from the estate in determining respondent's fee, but he contends that the life estate in such property given her by the will must not be included in determining what she would have received under the will. Each party to the contract of retainer knew that the will gave her this life estate. They had a copy of the will before them at the time the agreement was made. Under the agreement as made, if we disregard appellant's estimate of her provisions under the will, the value of the life estate must be included in the property given her by the will. The estimate contained in the retainer was incorrect and each party knew it. At best it was an estimate only, subject to correction when the true facts were ascertained. If we now include the amount received by appellant from this real estate we must also include the value of her life interest in what she would have received under the will. The record shows that the present cash value of this life estate is $981.84. Respondent's assertion that he knew nothing of the assets of the estate other than the two legacies mentioned by the appellant (viz., the $1,000 legacy and

the $5,500 mortgage) does not square with the fact that he had a copy of the will before him when he prepared the retainer.

Respondent has also received an allowance of $100 made to him by the Surrogate's Court on the accounting. Appellant's contention that this sum must be included in determining the balance now due to respondent cannot be sustained. The retainer provided that respondent should receive all such allowances.

A correct statement of the account between the parties to this appeal is as follows:

Appellant has received from the estate under her election:

| | | |
|---|---|---|
| On account | $3,500 00 | |
| Check now being held | 1,944 15 | |
| Total | | $5,444 15 |

Provisions made for her by the will:

| | | |
|---|---|---|
| Paragraph 2, legacy | $1,000 00 | |
| Paragraph 25, life estate in house and premises No. 26 Vista street, Stamford, Conn. | 981 84 | |
| Paragraph 26, proceeds of $5,500 mortgage. | 1,265 00 | |
| Making a total of | | 3,246 84 |
| Leaving a balance of | | $2,197 31 |

to be divided equally between appellant and respondent, of which respondent's share is ........ $1,098 66

| | | |
|---|---|---|
| He has already received on account | $1,000 00 | |
| And deducted from the exemptions | 150 00 | |
| Making a total of | | 1,150 00 |

Consequently he has been overpaid to the extent of ... $51 34

Respondent has been overpaid to date, has no lien upon the check for $1,944.15 now held by him and should deliver the same to the appellant forthwith.

The order of the Special Term should be reversed, with twenty-five dollars costs and disbursements, and the petition dismissed, with twenty-five dollars costs and disbursements.

HILL, P. J., RHODES, McNAMEE and CRAPSER, JJ., concur.

Order reversed on the law and facts, with twenty-five dollars costs and disbursements, and petition dismissed, with twenty-five dollars costs and disbursements.