In the Matter of the Estate of VIVIAN BETTY CLARK, Deceased.

Surrogate's Court, New York County, December 24, 1937.

*Charles Weishaupt,* for Abraham H. Waisman, as administrator, etc., and attorney for the estate.

FOLEY, S. The issues in this accounting proceeding are disposed of as follows:

(1) The evidence is sufficient to establish that Edwin E. Clark, the father of the decedent, predeceased her. The surrogate, therefore, determines that her sole next of kin is her brother, Harry L. Clark, and that he is entitled to the payment of the balance of the estate.

(2) The personal claim of the administrator, Abraham H. Waisman, is allowed in the sum of thirty-five dollars.

(3) Upon the question of the additional allowance for attorneys' fees requested in the petition and in Schedule C-1 of the account there is involved the exercise of the discretion of the surrogate under the provisions of section 285 of the Surrogate's Court Act. The administrator is an attorney who has " rendered legal services in connection with his official duties." The surrogate is, therefore, required to allow to him such compensation as shall appear " to be just and reasonable." The situation is not changed because the request is for an award based upon the joint services of the administrator and his associate counsel. The provision is a salutary one and of particular importance in the present estate because of the fact that the sole next of kin is a sailor in the United States Navy, now stationed in Hawaii, and without independent representation before the court. The circumstances require special protection of his rights.

The decedent in her lifetime authorized the attorney-administrator to recover certain property and moneys in the control of her general guardian. She had attained her majority. She gave a written retainer to her attorney agreeing to pay him twenty-five per cent of the amount recovered. Appropriate proceedings to enforce an accounting were begun by him, the Surrogate's Court having jurisdiction over the guardian in Ulster county. During the pendency of the proceeding she died. The attorney-administrator testified that her sole next of kin here ratified the original retainer agreement and made a new agreement for compensation upon the same basis; that is, twenty-five per cent of the recovery. Certain of the property and moneys were paid over to the adminis-

trator. He and his associate now seek to obtain an allowance in excess of the percentage rate fixed in the agreement because of alleged obligations which he claims arose in the guardianship proceeding and in the pending estate.

The application for such additional allowance is denied. Both the attorney and his associate are limited in their right to compensation to a maximum fee based upon the percentage rate which he agreed to accept. Having agreed to take twenty-five per cent of any recovery, they must abide by the terms of the agreement with their client and accept payment in accordance therewith. (*Matter of Smith*, 214 App. Div. 622.) Moreover, such agreement, I hold, covered all services rendered by them, not only in the guardianship accounting proceeding, but also in the pending estate up to and including the entry of the final decree on accounting and the distribution to be made under its terms.

The computation for the settlement of the percentage rate, I hold, includes the sum of $1,307.89, and the further sum of $75, costs collected by them in the accounting proceeding, which, by law, is an asset of the estate and not an amount payable to the attorney, since costs must be awarded to the party (Surr. Ct. Act, § 275) and not to the attorney. The total recovery is, therefore, $1,382.89. Twenty-five per cent thereof is $345.72, which is the measure of the attorneys' compensation. They have received on account $200, leaving due the sum of $145.72. This amount will be directed to be paid to them in the decree.

There is a contingent asset in the estate consisting of a claim for moneys of the former general guardian deposited in the National Ulster Bank, which is now in liquidation. The attorneys assert a right to take twenty-five per cent of this amount, regardless of its ultimate collection or payment. This contention is overruled. The client is not required to pay upon a contingent asset which may never be realized.

The percentage rate will only apply to moneys actually collected from the liquidator. The decree may, therefore, contain an appropriate provision directing such liquidator to pay one-quarter of the fund in installments as payments accrue to the attorney-administrator and his associate, and the remaining three-quarters directly to Harry L. Clark, the beneficiary.

Because of the terms of the retainer agreement, and in the exercise of the discretion of the surrogate, no costs will be allowed in the pending proceeding. If there are any properly taxable disbursements, they may be set forth in a bill of costs.

Submit decree on notice accordingly.