In the Matter of the Estate of JOHN J. VAN NOSTRAND, Deceased.*

Surrogate's Court, King; County, October 2, 1941.

* See, also, 177 Misc. 1.

*Spencer, Ordway & Wierum,* for the trustee, petitioner.

*Stewart & Shearer,* for Le Baron S. Willard, Jr., as administrator *d. b. n.* of Gardiner Van Nostrand and persons claiming through the estate of Gardiner Van Nostrand.

*Sullivan & Cromwell,* for William Nelson Cromwell, Robert Morgan King and Alfred Jaretzki. Jr., as executors, etc., of Louisa B. Van Nostrand, distributee.

*Davies, Auerbach, Cornell & Hardy,* for the Irving Trust Company, as successor trustee under the will of Anna Bell Van Nostrand.

WINGATE, S. Since no objection has been interposed to the allowance requested by the attorneys for the accountant and the court deems it reasonable, its payment will be directed in the sum of $2,500 plus $145.99 for disbursements.

Objection has, however, been interposed to the sizeable allowances requested by the attorneys for those parties who are claiming through Gardiner Van Nostrand and those representing the executors of Louisa B. Van Nostrand. Both of these sets of parties instituted proceedings for compulsory accountings and despite the fact that they were not consolidated with the later voluntary proceeding, it seems probable that they precipitated it and that some recompense from the estate is proper by reason thereof.

The main labors of all concerned were, however, expended in connection with the construction of the will, the issues respecting the proper distribution of the estate and the objections which had been interposed to the actions of the trustees as disclosed in the account.

The issue of construction related to the nature of the remainder of the trust of which Fanny Van Nostrand had been the life bene-

ficiary. The devolutionary effect of the language pursuant to which this trust came into being had been construed on five previous occasions, all of which had achieved the same result. Both of these parties contended that one or more of these previous decisions foreclosed further consideration of the question either on principles of *res adjudicata* or *stare decisis* and that the previous decisions had been correct in any event. Since the court concurred in the last stated view and the applicability of the doctrines of *stare decisis* or *res adjudicata* was not wholly free from doubt, it determined the matter *de novo* on this basis by reason of which the alternative issue respecting the effect of the former decisions became academic and was not adjudicated.

The sole additional potential issues were as to whether Gardiner Van Nostrand and those claiming through him were entitled to participate in the distribution and as to the propriety of certain acts of omission and commission by the trustees, concerning which the Gardiner Van Nostrand interests had interposed objections. Neither of these additional issues involved any question of construction. They had no conceivable relation to the terms of the will as such.

Gardiner had embezzled large sums from the estate during his tenure as trustee and the sole issue on this phase of the case was whether, by reason of this fact, he, and those claiming through him, were debarred from participating in the distribution until his defalcations were repaired. This issue the court decided in the affirmative, with the result that the representatives of Gardiner were determined to possess no interest in the fund with a further resultant lack of status to interpose objections to its management. Such objections were accordingly dismissed.

This analysis demonstrates that the only issue of testamentary construction which was involved in the proceeding was the narrow one of whether or not the remainder of the trust of which Fanny Van Nostrand was the life beneficiary was contingent by reason of its gift to a class and it is preponderantly by reason of participation in the determination of this isolated issue that the present applicants are seeking substantial allowances from the estate.

The authority accorded by the final paragraph of section 278 of the Surrogate's Court Act to make an allowance to " any party " is limited to " a proceeding to construe a will." Such authority is withheld in respect of any other variety of proceeding, inferentially indicating a legislative intent that no such power shall be exercised by the surrogate.

In the present instance the proceeding was one for a judicial settlement of accounts with an incidental prayer that the pertinent devolutionary effect of the will be determined.

It would be an unwarrantable interpretation of the quoted statutory authorization to award an allowance to " any party " in a proceeding to construe a will to hold that the mere fact that a single minor issue of this variety in an accounting proceeding metamorphosed the entire proceeding into one for a construction with the result that every party thereto, even a creditor attempting the enforcement of a rejected claim, thereby achieved the status of a party to a proceeding to construe a will and thus became entitled to the award of an allowance.

If, however, a party to an accounting in which an issue of construction is raised is not entitled to an allowance where the sole issue in which he is interested does not appertain to a construction, it must follow as a logical conclusion that only those services rendered by a party who is interested in the construction are compensatable under the authority of this statute which bear a direct relation to the interpretation of the will and the adjudication of its validity.

The conclusion from these premises is inevitable that in evaluating the propriety and *quantum* of a claim for allowance by a party to an accounting in connection with which a construction has taken place, only those services may be given weight which were rendered in direct elucidation of the issue of construction. Notoriously, a proceeding for a judicial settlement customarily includes multitudinous and frequently wholly unrelated issues. All must be tried together and it is not permissible practice to isolate one from the others. (*Matter of Flanagan*, 262 App. Div. 903.)

The mere fact that procedural convenience requires that all of the unrelated issues be simultaneously tried and determined does not effect a merger of such issues one with another or transform an issue wholly unrelated to testamentary construction into one of that description.

As hereinbefore noted, the sole issues determined in the present proceeding in which the questioned applicants participated were the devolutionary effect of a certain paragraph of the will (which had repeatedly been made the subject of previous judicial consideration) which was unquestionably an issue of construction, and the question of whether the embezzling former trustee and those claiming under him could receive the distributive share to which he would otherwise have been entitled prior to the reparation of his defalcations. This issue possessed no conceivable relationship to the terms of the will and related purely to the manner of distribution of property which as had previously been determined, devolved as intestate. It follows, that any services rendered in this connection were not rendered in that portion of the simultane-

ously tried issues relating to will construction and may not be recompensed by an allowance under the provisions of section 278 of the Surrogate's Court Act.

It follows that both of the present applicants are entitled to some allowance for having instituted their respective compulsory proceedings, and each is entitled to some slight measure of recognition by reason of having called to the attention of the court the several previous decisions construing the questionable language of the will which, incidentally, were somewhat fully reviewed in a previous decision of the court rendered last November (175 Misc. 385), but neither may receive any allowance from the estate for services rendered in the litigation of the issue of distribution, nor for the disbursements incurred in that connection.

The court fixes the reasonable compensation payable in respect of each compulsory proceeding at $100, and will award each applicant the sum of $250 for the construction, making a total sum of $350 to each applicant.

In addition, the executors for Louisa B. Van Nostrand, having been successful on the issue respecting the disqualification of those claiming under Gardiner to participate in the distribution, may tax a bill of costs, which, in the exercise of the discretion accorded by section 276 of the Surrogate's Court Act, will be made payable from the estate as a whole.

Enter decree on notice in conformity herewith.