In the Matter of the Estate of JOSEPHINE DEL DRAGO, Deceased.

Surrogate's Court, New York County, February 9, 1942.

*Ludwig M: Wilson*, for the petitioners.

*Grant, Clark & Fox*, for Byron Clark, Jr., as executor, etc., of Josephine del Drago, respondent.

*Laughlin, Gerard, Halpin & Graham*, for The Corn Exchange Bank & Trust Company, as trustee, respondent.

*Lawrason Riggs, Jr.*, special guardian.

*Harold W. Hastings*, special guardian.

FOLEY, S.   The issue raised upon the settlement of the order on remittitur from the Court of Appeals involves the right of the attorney for the appellants to an allowance under section 278 of the Surrogate's Court Act, for his services and the services of his counsel rendered upon the appeal.  (*Matter of del Drago*, 287 N. Y. 61.) The authority of the surrogate to grant an allowance under this section is limited to the services rendered respecting the construction

of the will. Prior to the amendment to section 278 of the Surrogate's Court Act, made by chapter 597 of the Laws of 1935, the authority to grant an allowance was limited to services rendered prior to the entry of the original decree. (*Matter of Watson*, 264 N. Y. 697; *Matter of Lydig*, 149 Misc. 598.) The subsequent amendment of 1935, however, enlarged the power of the surrogate and permitted him to make an allowance to any party to the proceeding for the services of his attorneys rendered on the appeal from the original decree. However, the only services whether rendered prior to the original decree or on an appeal therefrom for which an allowance may be made under the section are those concerned solely with the question of the construction of the will. (*Matter of Van Nostrand*, 177 Misc. 230.)

The question presented is whether the services rendered on the appeal in the instant case for which compensation is sought involved the construction of the will of the testatrix. The original proceeding before this court was for the settlement of the executor's account and for a determination as to whether the Federal and New York State estate taxes should be apportioned pursuant to the provisions of section 124 of the Decedent Estate Law. While the petition requests a determination as to an apportionment, the account does not set forth the proposed apportionment of the taxes pursuant to that section.

The petitioner here on behalf of two individuals filed answers objecting to the apportionment of the Federal estate tax on the ground that section 124 of the Decedent Estate Law was unconstitutional and violative of various provisions of the Constitution of the United States and the Constitution of the State of New York. The surrogate overruled these objections and upheld the constitutionality of section 124 of the Decedent Estate Law. (*Matter of del Drago*, 175 Misc. 489.) From the decree entered on that decision, the petitioner on behalf of his clients appealed directly to the Court of Appeals. The notice of appeal stated that it was made pursuant to subdivision 3 of section 588 of the Civil Practice Act. That section authorizes an appeal directly to the Court of Appeals from the court of original jurisdiction and reads as follows:

" 3. As of right, from a judgment or order of a court of record of original jurisdiction which finally determines an action or special proceeding where *the only question involved on the appeal* is the validity of a statutory provision of the State or of the United States under the Constitution of the State or of the United States; and on any such appeal *only* the constitutional question shall be considered and determined by the court." (Italics mine.)

It is apparent from the language of this section under which the appeal was prosecuted that no question involving the construction of the testatrix's will could have been included in the appeal or that the Court of Appeals could consider any question other than the constitutionality of section 124 of the Decedent Estate Law. Had the appeal attempted to raise any question other than the constitutionality of the statute, the appeal would have been dismissed. (*Powers* v. *Porcelain Insulator Corp.*, 285 N. Y. 54.) In that case the Court of Appeals, referring to an appeal taken pursuant to subdivision 3 of section 588 of the Civil Practice Act, said: " But where the appeal is taken under subdivision 3, if in order to reach a decision on the merits it is necessary to pass upon some question other than the constitutionality of a statute, as, for example, a question of statutory construction, then the case is not properly before this court on direct appeal and the appeal must be dismissed. (*Matter of Chirillo*, 283 N. Y. 417; *Doubleday, Doran & Co.* v. *Macy & Co.*, 269 N. Y. 272.) Plaintiff does not come here under subdivision 1, but has chosen to appeal as in a case provided for by subdivision 3, and it is by the more exacting requirements of the latter provision that this appeal must be tested. * * * It follows, therefore, that the appeal should be dismissed, without costs."

That no question involving the construction of this decedent's will was involved in the appeal taken directly to the Court of Appeals is clearly demonstrated by the opening statement in the appellants' brief submitted on the appeal. That statement reads: " On this appeal from the order of the surrogate of New York county there is involved a single question under the Constitution of the United States."

The entire brief of the appellants is devoted solely to the question of the constitutionality of section 124 of the Decedent Estate Law and nowhere is any mention made respecting the intent of the testatrix or the interpretation to be given to her will. Indeed the argument made by the respondents in the Court of Appeals that the appeal was not properly before the court since it involved a construction of the will and not solely a constitutional question was strongly resisted by the appellants. In their reply brief the appellants contended that no such question was fairly debatable and said: " It seems to us obvious that section 588 (3) was written and adopted, when the general revision of the jurisdiction of this court was made in 1925, in order to accommodate direct appeal to this court in precisely such a case as the present one. None can fairly say that this appeal involves more than the single issue — the validity of section 124 under the Supremacy Clause."

The contention now made by the appellants that the appeal did involve a construction of the will of the testatrix which entitles them to an allowance for attorneys' services under section 278 of the Surrogate's Court Act, cannot be reconciled, by any subtle pretense, with their prior contrary position and is overruled. Notwithstanding the reference to the intent of the testatrix and the construction to be placed upon her will made in the prevailing and dissenting opinions in the Court of Appeals (*Matter of del Drago, supra*), the appeal could have involved only the question of the constitutionality of section 124 of the Decedent Estate Law. In the absence of an appeal to the Appellate Division, the finding as to the intent of the testatrix and the construction to be placed upon her will made by the surrogate in the accounting proceeding was final and no question involving these issues was thereafter on a direct appeal to the Court of Appeals open or subject to review. The services rendered on the appeal for which an allowance is sought could not and did not involve any question concerning the construction of the will and the application is, therefore, denied as a matter of law.

Costs to each party appearing and filing briefs on the appeal have been taxed. As the question of constitutionality of section 124 of the Decedent Estate Law is to be presented to the United States Supreme Court, the fixation of the allowances to the special guardians will be held in abeyance until after the decision of that court. Correct the order on remittitur accordingly and resubmit the same for signature.