In the Matter of the Probate of the Will of HENRY F. NEWCOMB, Deceased.

Surrogate's Court, Suffolk County, March 24, 1952.

*McInerney & McInerney* for George Milo, proponent of will, dated July 3, 1949.

*Arthur A. Atha* for William Heinsman, proponent of will, dated December 8, 1949.

*Stanley Gray Horan* for Southside Hospital.

*Robbins, Wells & Walser* for Howard F. Barkley and another, contestants.

Hazleton, S. This proceeding concerns the application by the attorneys representing the contestants in a probate proceeding, for an allowance of costs and disbursements payable to themselves as attorneys.

The deceased left two wills, one dated July 3, 1949, the other December 8, 1949, both of which were offered for probate. Two distributees of the deceased filed objections to the probate of both propounded papers and in addition applied for letters of administration upon the estate of deceased. After a joint trial of both contests before the Surrogate without a jury, the purported will of December 8, 1949, was denied probate because of lack of testamentary capacity, while the will of July 3, 1949, was decided to be a valid will in all respects.

The power of the Surrogate to grant an allowance, costs and disbursements is embodied exclusively in sections 275–287 of the Surrogate's Court Act. Costs " shall include all disbursements of the party to whom they are awarded, which might be taxed in the supreme court." (Surrogate's Ct. Act, § 275.) The disbursements that may be taxed are found in section 1518 of the Civil Practice Act.

It is well settled that costs can be awarded only to a party and not to counsel or attorneys. (*Matter of Clark,* 166 Misc. 290.) The only instance in which a Surrogate can, in his discretion, grant an allowance to a party for counsel fees is in a proceeding to construe a will, such authority being withheld in any other kind of proceeding. (Surrogate's Ct. Act, § 278; *Matter of Van Nostrand,* 177 Misc. 230.) Granting that section 278 of the Surrogate's Court Act, reads: " the decree or order may direct that the whole or any part of costs taxed or allowance made shall be paid to an attorney rendering service in such proceeding ", nevertheless in the first instance the costs taxed or allowance granted must be made to the party and not the attorney. However, I am aware that this precise procedure is harmlessly overlooked at times, although it nevertheless is the proper procedure.

Hence I shall narrow this application down to this question: Since the contestants succeeded in defeating the purported will of December 8, 1949, are they entitled to costs even though they were unsuccessful in contesting the will of July 3, 1949?

The answer depends upon the language of section 278 of the Surrogate's Court Act, which reads: " costs payable out of the estate or otherwise, shall not be awarded to an unsuccessful contestant of the will ". The solution would be simple if we were concerned only with the defeated will of December 8, 1949,

but we have the previous will of July 3, 1949, with which the contestants were unsuccessful. I can find no similar situation to guide me as a precedent.

The contestants' campaign consisted of attaining three objectives: First, attacking and defeating the will of July 3, 1949; second, defeating the will of December 8, 1949, and third, since the deceased would then have died intestate, obtaining letters of administration upon his estate. Attaining the third objective would have brought the estate within their administration, but before they could accomplish this they had to defeat not merely one but both wills. In this they were only partly successful in that, although they defeated the will of December 8, 1949, they themselves were defeated in their contest against the will of July 3, 1949. Hence the contestants were only partly successful, since the will of July 3, 1949, was held to be a valid will in all respects.

It should be noted that section 278 of the Surrogate's Court Act, in providing that costs shall not be awarded to an unsuccessful contestant, uses the language, " unsuccessful contestant of *the will* " (emphasis supplied). It does not read unsuccessful contestant of a will or any will.

By the words " the will ", it is intended to specify the last will and testament speaking as of the time of the testator's death and found to have been executed in accordance with the provisions of section 21 of the Decedent Estate Law at a time when the deceased possessed testamentary capacity and was free from fraud and undue influence. The will meeting those requirements has been found by this court to be the propounded paper dated July 3, 1949, and is the will that this court intends by its decree to admit to probate. Therefore it follows that the contestants have been unsuccessful in their attack upon the will of July 3, 1949, and accordingly cannot be awarded costs.

Submit decree in accordance with this decision.